## JAMES CALLWOOD, Plaintiff
### v.
## DEPARTMENT OF PROBATION OF THE VIRGIN ISLANDS, Defendant

Civ. No. 1996-38

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 31, 1997

JAMES CALLWOOD, Lewisburg, PA, *Plaintiff Pro se*

JAMES S. CARROLL, III, Esq., (Office of the United States Attorney) *for Defendant*

MOORE, *Chief Judge*

### MEMORANDUM

This matter is before the Court on defendant's motion to dismiss and the plaintiff's motion for summary judgment. For the reasons expressed herein, defendant's motion to dismiss will be granted, and the case closed.

## I. Facts

■ Plaintiff is a prisoner serving a sentence pursuant to a conviction in the Virgin Islands for murder in the second degree.[1] At the time of his conviction, the District Court of the Virgin Islands had jurisdiction over all felony prosecutions under Virgin Islands law, including murder. His pre-sentence report was performed by the Department of Probation of the Virgin Islands located at the District Court of the Virgin Islands. On or about January 6, 1996, plaintiff made a request pursuant to the Federal Privacy Act, 5 U.S.C. § 552a, in which he sought to have his pre-sentence report ["PSR"] amended. Chief Probation Officer Lionel Todman, who has subsequently retired, responded that the Department of Probation had no authority to amend the PSR. Plaintiff next filed suit in this Court on February 6, 1996 seeking an order of the Court to amend the PSR. Specifically, plaintiff asserts that: (1) certain burglaries should not be attributed to him; (2) his juvenile record should not be mentioned; (3) the Department of Probation erred in stating that his education terminated in 1971, since he was only five years old at the time; and (4) that the PSR should not state that plaintiff suffers from social, economic, and parental deprivation. Plaintiff seeks an amendment to remove these inaccuracies from his PSR and an injunction preventing mention of his juvenile record.

Plaintiff filed a motion for summary judgment on February 19, 1997. Defendant filed a motion to dismiss on March 14, 1997. Both of these motions revolve around the same issue, namely the applicability of the Federal Privacy Act to this case. The Court will address both motions in a unified discussion.

## II. Discussion

Section 552a(e)(5) provides that each agency maintaining a system of records shall

---

[1] At the time of his conviction, the District Court of the Virgin Islands had jurisdiction over felony prosecutions, and his pre-sentence report was performed by the Department of Probation of the Virgin Islands located at the District Court of the Virgin Islands. Although the District Court of the Virgin Islands no longer maintains jurisdiction over all felony prosecutions, the Court retains jurisdiction over inmates sentenced while it possessed such jurisdiction.

maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

Pursuant to § 552a(q)(1)(c), the District Court is provided with jurisdiction over lawsuits brought against an agency which "fails to maintain any record concerning an individual with . . . accuracy, relevance, timeliness and completeness" that causes a determination to be made which is "adverse to the individual." Sections 552a(d)(2) and (3) establish, in accordance with § 552a(q)(1)(A), a cause of action and vest jurisdiction in the District Court for lawsuits reviewing the refusal or failure of an agency to amend a record in accordance with a request from an individual. Section 552a(q)(4) provides for damages when an agency acts willfully or intentionally in failing to maintain accurate records or when an agency refuses to amend a record in such a way as to have an adverse effect on an individual.

■ At first glance, it might appear that plaintiff has adequately alleged a cause of action under the Privacy Act. Under the definitions of the Privacy Act, however, the Department of Probation is not considered an "agency." Section 551(1)(B) specifically excludes the courts of the United States from the definition of "agency." In fact, the definition excludes the entire judicial branch of the federal government from the provisions of the Privacy Act.[2] Since the Office of Probation is an administrative unit of this Court, it is not subject to the terms of the Privacy Act.

According to the terms of his complaint, plaintiff asserts the Privacy Act as the only source of this Court's jurisdiction over his claim. Since the subject matter of plaintiff's claim does not fall within the protection of the Privacy Act, that act cannot be a source

---

[2] *See, e.g., Dorman v. Higgins,* 821 F.2d 133, 137 (2d Cir. 1987); *Lifetime Communities, Inc. v. Administrative Office of the U.S. Cts.,* 690 F.2d 35, 38 (2d Cir. 1982); *Pangburn v. Culbertson,* 1997 U.S. Dist. LEXIS 7406, No. 97-CV-0367E(H), 1997 WL 276180 (W.D.N.Y. May 21, 1997); *Schwartz v. United States Dep't of Justice,* 1995 U.S. Dist. LEXIS 17016, No. 94 CIV. 7476(AGS), 1995 WL 675462 (S.D.N.Y. Nov. 14, 1995); *Chambers v. Division of Probation,* Civ. A. No. 87-0163, 1987 WL 10133 (D.D.C. Apr. 8, 1987); *Kimberlin v. United States Dep't of Justice,* 605 F. Supp. 79, 81-82 (N.D. Ill. 1985), aff'd, 788 F.2d 434 (7th Cir. 1986).

for the Court's jurisdiction of this case. Not only does this Court lack subject matter jurisdiction, but plaintiff fails to state a claim upon which relief may be granted. Therefore, plaintiff's motion for summary judgment will be denied. Defendant's motion to dismiss will be granted, and this case will be closed.

ENTERED this 31st day of October, 1997.

### ORDER

For the reasons expressed in the accompanying Memorandum, it is hereby

ORDERED that plaintiff's motion for summary judgment is DENIED. It is further

ORDERED that defendant's motion to dismiss is GRANTED. It is further

ORDERED that this case is CLOSED.

ENTERED this 31st day of October, 1997.