

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2002

# USA v. Bullard

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1952

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Bullard" (2002). *2002 Decisions.* Paper 283.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/283

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1952
_____

UNITED STATES OF AMERICA

vs.

MICHAEL BULLARD

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 00-cr-00085)
District Judge:  The Honorable William H. Yohn, Jr.

_____

ARGUED
May 6, 2002

BEFORE: NYGAARD, ALITO, and ROSENN, Circuit Judges.

Elizabeth T. Hey, Esq. (Argued)
Defender Association of Philadelphia
Federal Court Division
Curtis Center
Independence Square West
Suite 540 West
Philadelphia, PA 19105
        Counsel for Appellant

Eric B. Henson, Esq. (Argued)
Office of the United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA 19106
        Counsel for Appellee

(Filed: May 17, 2002)

_____

NYGAARD, Circuit Judge.

Appellant, Michael Bullard, challenges the District Court's refusal to issue his requested jury instruction during his criminal trial. We will affirm the District Court's order because we hold that the court did not abuse its discretion.

Bullard was indicted on a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C.  922(g). A superseding indictment was obtained subsequently which added a Notice of Prior Convictions which exposed Bullard to the enhanced penalty provision of the Armed Career Criminal Act, 18 U.S.C.  924(e). The jury could not achieve unanimity in Bullard's first trial, so the District Court declared a mistrial. During his second trial, the jury convicted Bullard of possession of a firearm by a convicted felon, and, in a separate proceeding, also found that he had been convicted of the predicate offenses necessary for enhanced sentencing.

During the trial, Bullard asserted the affirmative defense that he had a legal justification for being in possession of a firearm. While the Government bears the burden of proving the elements of the crime charged beyond a reasonable doubt, the defendant bears the burden of proving the elements of his defense by a preponderance of the evidence. See United States v. Dodd, 225 F.3d 340, 342 (3d Cir. 2000), cert. denied, 532 U.S. 959 (2001). At the conclusion of the court's jury instructions, Bullard requested a specific instruction comparing the weight of the "beyond a reasonable doubt" standard to the "preponderance of the evidence" standard. The District Court refused to issue Bullard's requested instruction, and Bullard assigns this as error on appeal.

We review jury instructions for an abuse of discretion. See United States v. Zehrbach, 47 F.3d 1252, 1264 (3d Cir. 1995) (en banc). We consider "whether, viewed in light of the evidence, the charge as a whole fairly and adequately submits the issues in the case to the jury." Id. (quoting Bennis v. Gable, 823 F.2d 723, 727 (3d Cir. 1987)). We will reverse if "the instruction was capable of confusing and thereby misleading the jury." Id. (quoting Bennis, 823 F.2d at 727).

We find that the District Court did not abuse its discretion in refusing to issue Bullard's requested comparative instruction. Taken as a whole, the jury instructions are not confusing or misleading. The Court properly instructed the jury of the Government's burden. For example, it stated:

> Remember, as well, the law never imposes upon a defendant
> in a criminal case the burden or duty of calling any witnesses
> or producing any evidence because the burden of proving
> guilt beyond a reasonable doubt is always assumed by the
> Government. (App. 448a).

> As I have mentioned to you, the Government's burden of
> proof in a criminal case is guilt beyond a reason[able] doubt,
> with the exception of this justification defense which I will
> explain later. What this means is that unless the Government
> proves beyond a reasonable doubt that a defendant has
> committed every essential element of an offense which he has
> been charged, you must find him not guilty as to that offense.
> (App. 458a-459a).

> It is not required that the Government prove guilt beyond all
> possible doubt. The test is one of reasonable doubt. A
> reasonable doubt is a doubt based upon reason and common
> sense. The kind of doubt that would make a reasonable
> person hesitate to act. Proof beyond a reasonable doubt,
> must, therefore, be proof of such a convincing character that
> a reasonable person would not hesitate to rely and act upon it
> in the most important of his or her own affairs. Unless the
> Government proves beyond a reasonable doubt that the
> defendant has committed each and every element of the

offense charged in the indictment, you must find the
defendant not guilty of the offense.  (App. 460a).

The court also properly instructed the jury of Bullard's burden in establishing the
affirmative defense of legal justification.  Among its instructions, it said:

Now, there are two difference[s] with reference to this
defense from the crime that is charged [ ] possession of a
firearm by a convicted felon.  As to the defense of legal
justification, the burden [of] proof is upon not the
Government, but upon the defendant and it is the burden of
the defendant to prove each of the elements of the defense by
a preponderance of the evidence rather than proof beyond a
reasonable doubt.

Now, what is proof by a preponderance of the evidence?  To
establish by a preponderance of the evidence means to prove
that something is more likely so than not so.  In other words,
[a] preponderance of the evidence in the case means such
evidence as when considered and compared with that
opposed to it, has more convincing force and produces in
your minds the belief that what is sought to be true is more
likely true than not true.  (App. 468a).

Taking the jury instructions as a whole, we find they are neither misleading nor
confusing.  The District Court did not abuse its discretion in refusing to issue Bullard's
requested comparative instruction.

In sum, and for the reasons above, we will affirm the District Court's
judgment.

_____


TO THE CLERK:

Please file the foregoing opinion.


/s/ Richard L. Nygaard
Circuit Judge