OPINION
PER CURIAM.
Michael Bullard, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion to reduce his sentence under 18 U.S.C. § 3582(c). We will affirm.
In January 2001, a jury in the Eastern District of Pennsylvania convicted Bullard of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g), and, in a separate proceeding, found that he was an armed career criminal subject to an enhanced sentence under 18 U.S.C. § 924(e). The District Court sentenced Bullard to 240 months of imprisonment. We affirmed the conviction and sentence. In June 2003, Bullard filed a motion under 28 U.S.C. § 2555. The District Court denied the motion on the merits, and we denied his application for a certificate of appealability. We also denied Bullard’s application for an order authorizing the District Court to consider a second or successive § 2255 motion.
Bullard next filed a pro se motion under 18 U.S.C. § 3582(c) for a sentence reduction based on Amendment 709 to the United States Sentencing Guidelines (“U.S.S.G.”).[1] He alleged that Amendment 709, which addresses, inter alia, the computation of criminal history scores under U.S.S.G. § 4A1.2, would lower his sentencing range. The District Court denied the motion because Amendment 709, which became effective on November 1, 2007, was not given retroactive effect.[2] Bullard appealed.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court’s decision to grant or deny a motion to reduce sentence under § 3582(c)(2) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 & n. 2 (3d Cir.2009). Our review of a district court’s interpretation of the Guidelines is de novo. See United States v. Sanchez, 562 F.3d 275, 277-78 (3d Cir. 2009).
Section 3582(c)(2) grants a district court discretion to reduce the term of imprisonment of an already incarcerated defendant *217 if that defendant “has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).” In such a case, the district court may reduce the defendant’s sentence “if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” § 3582(c)(2). The applicable policy statement provides that a sentence reduction is not authorized unless: (1) the amendment to the Guidelines actually had the effect of lowering the Guideline range; and (2) the amendment is listed as retroactively applicable under § 1B1.10(c). See U.S.S.G. § lB1.10(a)(2); see also United States v. Thompson, 70 F.3d 279, 281 (3d Cir.1995) (holding that “by the plain language of the policy statement,” an amendment to the Sentencing Guidelines does not have retroactive effect unless listed in § lB1.10(e)).
Amendment 709 is not listed in § lB1.10(c) as a retroactively applicable amendment. Therefore, the District Court did not have authority to reduce Bullard’s sentence based on an application of Amendment 709. See United States v. Peters, 524 F.3d 905, 907 (8th Cir.2008) (“To the extent Mr. Peters asked the district court to reconsider his criminal history score pursuant to Amendment 709, that amendment is not a covered amendment under § 1B1.10 to which retroactive treatment may be given.”). Nevertheless, Bullard contends that the District Court had discretion to reduce his sentence because, under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the limitations on sentencing reductions in § IB 1.10(a)(2) are merely advisory. We have stated, however, that “[n]othing in Booker purported to obviate the congressional directive in § 3582(c)(2) that a sentence reduction pursuant to that section be consistent with Sentencing Commission policy statements.” United States v. Doe, 564 F.3d 305, 314 (3d Cir.2009).
Therefore, because the District Court did not err in denying Bullard’s motion, we will affirm the judgment of the District Court.

. Citing the Privacy Act, 5 U.S.C. § 552a, Bullard also requested that the United States Probation Office amend his presentence investigation report in accordance with his interpretation of Amendment 709. Because the Probation Office is an arm of the federal courts, see 18 U.S.C. § 3602, it is not subject to the Privacy Act. See 5 U.S.C. § 551(1)(B); Washington Legal Found, v. United States Sentencing Comm'n, 17 F.3d 1446, 1449 (D.C.Cir.1994); Callwood v. Dep’t of Prob. of the Virgin Islands, 982 F.Supp. 341, 343 (D.Vi.1997) (concluding that Department of Probation is not an agency subject to the Privacy Act).

. The District Court also denied a motion filed by Bullard pursuant to Federal Rule of Civil Procedure 60(b)(4). Bullard has not challenged this ruling on appeal.