BLD-040                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3884
_____

IN RE:  MICHAEL BULLARD,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 00-mr-00085)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 18, 2010
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: December 01, 2010 )
_____

OPINION
_____

PER CURIAM

Michael Bullard has filed a petition for a writ of mandamus in which he

"seeks reversal of [his] conviction."  For the following reasons, we will deny the petition.

In 2001, a jury in the United States District Court for the Eastern District of

Pennsylvania convicted Bullard of possession of a firearm by a convicted felon.  The

District Court sentenced him to 240 months of imprisonment.  We affirmed the judgment.

See United States v. Bullard, 38 F. App'x 753 (3d Cir. 2002).  In 2003, Bullard filed a

1

motion pursuant to 28 U.S.C. § 2255.  The District Court denied the motion on the merits and we denied his application for a certificate of appealability.  Later, we denied his application under 28 U.S.C. § 2244(b) for leave to file a second or successive § 2255 motion, see In re:  Michael Bullard, C.A. No. 08-2221 (order entered June 24, 2008), and affirmed the District Court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582, see United States v. Bullard, 337 F. App'x 215 (3d Cir. 2009).

Bullard now seeks a writ of mandamus (or a writ of error coram nobis) under 28 U.S.C. § 1651, so that he may challenge his criminal conviction.  As grounds for relief, Bullard cites violations of his right to confront witnesses, an allegedly unlawful search and seizure, and an Apprendi violation.  Bullard argues that "the [m]otion under § 1651 is the proper vehicle for th[ese] argument[s]" because "there exists a constitutional right to the relief sought" and because  he cannot obtain the review he seeks on collateral review. We disagree.

A writ of mandamus is an extraordinary remedy.  See In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994).  Bullard must show that he has an indisputable right to the writ and that there exists no other adequate remedy.  See In re Flat Glass Antitrust Litigation, 288 F.3d 83, 91 (3d Cir. 2002).  A § 2255 motion is the presumptive means for a federal prisoner to challenge the fact or duration of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention."  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. §2255(e).  A § 2255 motion is inadequate or ineffective only when "some limitation of scope or

2

procedure" prevents a movant from receiving an adjudication of his claim. <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not "inadequate or ineffective" merely because the sentencing court previously denied relief or because the gatekeeping provisions of § 2255 make it difficult to pursue a successive motion. <u>Id.</u> at 539; <u>see also</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997).

It is clear from Bullard's request that he seeks to directly challenge the fact of his conviction and the duration of his sentence. He thus fails to show that there exists no other adequate remedy. Bullard suggests that he would not now be entitled to raise the instant claims in a second or successive § 2255 motion. <u>See</u> 28 U.S.C. § 2255(h). As explained in <u>Cradle</u>, however, just because Bullard cannot meet the stringent standards of the revised § 2255 does not mean that he may now pursue his claims through a request for a writ of mandamus or a writ of error coram nobis. <u>Cf.</u> <u>United States v. Baptiste</u>, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (prisoner may not use writ of coram nobis to evade gatekeeping requirements).

Accordingly, Bullard's petition for a writ of mandamus will be denied.

3