# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-1672

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Shamico Peters, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 18, 2008
Filed: April 29, 2008

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Shamico Peters appeals the district court's[1] denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (USSG), which reduced the base offense levels in USSG § 2D1.1(c) based on the quantity of cocaine base (crack).

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Mr. Peters' originally calculated guidelines range was 121 to 151 months, and he received a sentence of 120 months, the statutory mandatory minimum sentence for the quantity of crack involved in his conviction. See 21 U.S.C. §§ 846, 841(b). In considering a reduction to a defendant's term of imprisonment under § 3582(c)(2), the district court must determine the guidelines range as if the relevant amendment had been in place at the time of the original sentencing, and it may consider only the retroactive amendment in determining the amended guidelines range. See United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir.) (en banc), cert. denied, 534 U.S. 905 (2001); USSG § 1B1.10(b)(1) (Suppl. Mar. 3, 2008). In Mr. Peters' case, application of the new drug quantity guidelines would have resulted in a guidelines range of 120 to 121 months. See USSG § 5G1.1(c)(2) (setting the bottom of the guidelines range at the statutory mandatory minimum when it would otherwise be below the mandatory minimum). Mr. Peters was not entitled to a reduction of his 120-month sentence. See § 1B1.10(b)(2)(A) (district court may not reduce the defendant's sentence below the minimum of the amended guidelines range); id., comment. (n.1(A)(ii)) (reduction not authorized if the retroactive amendment does not lower the defendant's applicable guidelines range because of a statutory provision, e.g., a statutory mandatory minimum sentence).

To the extent Mr. Peters asked the district court to reconsider his criminal history score pursuant to Amendment 709, that amendment is not a covered amendment under § 1B1.10 to which retroactive treatment may be given. See § 1B1.10(c). Further, as a part of this § 3582(c) proceeding, the district court was not allowed to address any alleged "clear error" which may have occurred at the original sentencing in determining the number of criminal history points allocated to another prior conviction. See Hasan, 245 F.3d at 685. Mr. Peters was and is not entitled to safety valve relief, but he is subject to the statutory mandatory minimum sentence that he received.

The district court's judgment denying Mr. Peters any relief pursuant to the retroactive amendments is summarily affirmed. <u>See</u> 8th Cir. R. 47A(a).

_____