# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1958

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Jerome Adrow, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: May 05, 2008
Filed: June 12, 2008 **(Corrected 6/12/08)**

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jerome Adrow appeals the district court's[1] denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582 (c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (U.S.S.G.). That amendment reduced certain offense levels in U.S.S.G. § 2D1.1(c), based on the quantity of cocaine base (crack).

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Based on Adrow's total offense level and criminal history category, his originally calculated guideline range was 108 to 135 months. Because the statutory mandatory minimum sentence for his offense was ten years, however, the court was required to sentence him to at least 120 months and that was the sentence imposed. The new drug quantity guidelines do not affect the mandatory minimum sentence applied to Adrow's crime under 21 U.S.C. § 846 and 841(b), so he is not entitled to a sentence reduction. See U.S.S.G. § 2D1.1(c); see also United States v. Shamico Peters, 524 F.3d 905, 907 (8th Cir. 2008). The district court also properly refused to reconsider Adrow's criminal history score or grant safety valve relief. See U.S.S.G. § 1B1.10(c); see also Peters, 524 F.3d at 907.

Accordingly, the order of the district court is summarily affirmed. See 8th Cir. R. 47A(a).

_____