

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2008

# USA v. Isaacs

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4899

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Isaacs" (2008). *2008 Decisions*. Paper 136.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/136

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 06-4899 / 07-2393

UNITED STATES OF AMERICA

v.

EVERTON ISAACS,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 05-cr-00478-01)
District Judge: Honorable Petrese B. Tucker

Submitted Under Third Circuit LAR 34.1(a)
December 1, 2008

Before: AMBRO, WEIS, and VAN ANTWERPEN, Circuit Judges

(Opinion filed December 10, 2008)

OPINION

AMBRO, Circuit Judge

Appellant Everton Isaacs pled guilty to four counts of distribution and possession

with intent to distribute a controlled substance—"crack" cocaine.  The District Court for

the Eastern District of Pennsylvania sentenced Isaacs to 70 months' imprisonment, three years' supervised release, a $1,000 fine, and a $400 special assessment. Isaacs raises three issues on appeal: (1) that the District Court imposed an unreasonable sentence in light of 18 U.S.C. § 3553(a); (2) that the Court committed a miscarriage of justice in sentencing him—by considering the impermissible factor of race; and (3) that his speedy trial rights were violated. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm with one remand wrinkle.

I.

On August 11, 2005, Isaacs was arrested for selling or intending to sell a total of 116.3 grams of crack on six different occasions to an undercover agent for the Pennsylvania Attorney General's Bureau of Narcotics Investigation and Drug Control. Isaacs retained attorney John Elbert to represent him. Elbert filed a notice of appearance on September 13, 2005. With the exception of one motion to continue trial, and possibly others, filed by Elbert,[1] Isaacs made the following filings *pro se*: on November 25, 2005, a motion for discovery; on March 9, 2006, a letter to the District Court requesting court-appointed counsel since he was unsatisfied with Elbert's representation; and on July 25, 2006, a motion to dismiss the indictment for denial of a speedy trial. On September 18, 2006, the District Court held a hearing and took steps to obtain court-appointed counsel

---

[1] Isaacs claims that Elbert filed only one motion on his behalf—a "Motion to Continue Trial" on September 26, 2005. The Government, however, claims that there were multiple defense motions filed, but that Isaacs has not included these in his appendix. We need not reach this issue, as it has no effect on the result.

for Isaacs. On September 27, 2006, it appointed Anna Durbin.

On October 20, 2006, Isaacs filed a second *pro se* motion to dismiss the indictment for denial of his speedy trial rights. The District Court denied this request five days later. On October 29, Isaacs followed up with a letter to the District Court asserting a forced waiver of his speedy trial rights, and seeking a continuance in the case. Five days hence, in accordance with Isaacs' letter, Durbin requested that trial be continued, and this was granted by the District Court.

On November 20, 2006, Isaacs filed a *pro se* motion for permission to appeal the District Court's denial of his speedy trial motion. Within a few days of filing, however, he made arrangements to meet with his counsel and the Government, and on December 1, the parties conducted an off-the-record proffer. Then, on January 3, 2007, after the filing of several pleadings—including pretrial motions, proposed jury instructions, and a trial memorandum by the Government—Isaacs agreed to plead guilty to four counts of the indictment.

As part of the plea agreement, the Government agreed to dismiss two of the six counts of the indictment, to grant a three-level downward adjustment in the Guidelines' calculation, and to recommend a sentence within the applicable Guidelines' range for acceptance of responsibility. In exchange, Isaacs agreed to limit his direct appeal rights to only the following: (1) if the sentence on any count exceeded the statutory maximum for that count; (2) if the sentencing judge erroneously departed upward pursuant to the

Sentencing Guidelines; and/or (3) if the sentencing judge imposed an unreasonable sentence above the final Sentencing Guidelines' range determined by the Court.

The statutory maximum for each of the four counts to which Isaacs pled was 40 years' imprisonment, a $2,000,000 fine, a $100 special assessment, and a lifetime period of supervised release. The Presentence Report calculated an offense level of 29,[2] yielding an estimated Guidelines' range of 87 to 108 months' imprisonment. At sentencing, Isaacs requested a "safety valve" adjustment, which would allow the Court to impose a sentence below the mandatory minimum five years and allow an additional two-level downward adjustment in the Guidelines' calculation. After the District Court questioned Isaacs extensively, it gave him the benefit of the safety valve, thus reducing the offense level from 29 to 27. This resulted in a final Guidelines' range of 70 to 87 months.

After establishing the Guidelines' range, the District Court considered the 18 U.S.C. § 3553(a) factors and the evidence and arguments presented by the parties. The Government then honored its part of the plea agreement and asked the Court to impose a within-Guidelines sentence. The Court noted that it understood its discretion to give Isaacs even less than the otherwise mandatory minimum of 60 months, but stated that it saw no reason to do so. It then imposed the 70-month sentence.

---

[2]The crime of distribution and possession with intent to distribute a total of 116.3 grams of crack cocaine was actually an offense level of 32, but as noted, pursuant to the plea agreement Isaacs received a three-level reduction for acceptance of responsibility, thus reducing his offense level to 29.

Isaacs claims that by mechanically sentencing at the bottom of the Guidelines' range, the Court refused to exercise its discretion to take into account (1) the disparity between the sentencing treatment of crack and powder cocaine, and (2) other mitigating facts (including no previous convictions prior to age 44, coercion by way of threats to Isaacs' family, and a lack of recidivism risk), thereby imposing an illegal and unreasonable sentence. As noted, Isaacs also claims a miscarriage of justice because the Court allegedly sentenced him based on the impermissible factor of race, and violations of his speedy trial rights regardless of the plea agreement waiver.

## II.

Isaacs may only appeal his sentence if the issues raised fall within one of the exceptions to the appellate waiver included in his plea agreement, or if the plea agreement was not entered knowingly and voluntarily. Because Isaacs does not satisfy any of the exceptions to the appellate waiver—the imposed sentence of 70 months was at the lowest end of the Guidelines' range—we will only discuss whether the plea was knowing and voluntary.

In determining this, the sentencing court must only ensure "that the defendant understands . . . the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence." Khattak, 273 F.3d at 563. Here, the District Court specifically asked Isaacs, "You have agreed that you would waive all your rights to appeal or collaterally attack your sentence or prosecution in this case, do you understand that?" Guilty Plea Hr'g at 11, United States v. Isaacs, No. 05-CR-478-1 (E.D. Pa. Jan. 3,

5

2007). Isaacs responded, "Yes, your Honor." Id. at 12. In this context, Isaacs' guilty plea was knowing and voluntary.

We will enforce an appellate waiver made knowingly and voluntarily unless the result would be a miscarriage of justice. United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007). Isaacs claims that there was a miscarriage of justice because the sentence was based on the impermissible factor of race. See United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001) ("Some of our sister circuits have delineated specific instances in which waiver-of-appeals provisions may be found invalid . . . [, such as when they are] based on [the] constitutionally impermissible factor [of] race."). This claim, however, is not supported by evidence in the record.

The Court's decision not to exercise its discretion by imposing a sentence below the Guidelines' range hardly indicates bias. As noted above, the Court had already granted Isaacs the benefit of the safety valve adjustment and determined that, because this act already reduced the sentence calculation an additional two levels, there was no reason to reduce it any further. For these reasons, Isaacs cannot claim a miscarriage of justice.

Isaacs also may not challenge successsfully the reasonableness of his sentence under United States v. Booker, 543 U.S. 220 (2005), nor any claimed violation of his speedy trial rights. In United States v. Lockett, 406 F.3d 207 (3d Cir. 2005), we held "that where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of Booker." Id. at 214. Further, we have held that "the right to a

6

speedy trial is non-jurisdictional, and is therefore waived by an unconditional and voluntary guilty plea." Washington v. Sobina, 475 F.3d 162, 166 (3d Cir. 2007).

This, however, does not end our inquiry. On November 1, 2007, the Sentencing Commission adopted Amendment 706 to the advisory Guidelines, which permits a two-level decrease in the base offense levels for crack offenders. See United States v. Williams, 282 Fed. Appx. 119, 121 (3d Cir. 2008). And on March 3, 2008, this amendment became retroactive. See id. In United States v. Wise, 515 F.3d 207 (3d Cir. 2008), we noted that appellants could possibly obtain some benefit from Amendment 706 by filing an 18 U.S.C. § 3582(c)(2) motion in the District Court, asking for a sentence modification based on the retroactive amendment to the Sentencing Guidelines. Id. at 220-21. Isaacs is free to file a motion under § 3582(c)(2). However, this additional step can be avoided if the District Court raises the motion *sua sponte*, something it is expressly authorized to do under § 3582(c)(2). We encourage the Court to consider this simplified approach under which it could proceed to determine whether Amendment 706 warrants a sentencing reduction in this case.

\* \* \* \* \*

Based on Isaacs' waiver of his right to appeal, we affirm the judgment of the District Court save for one aspect of the sentence. The matter is remanded to the District Court so that it can consider whether to reduce Isaacs' sentence pursuant to 18 U.S.C. § 3582(c)(2) (it being understood that we express no opinion on whether the Court should reduce the sentence in light of Amendment 706).

7