[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15019
Non-Argument Calendar

_____

D. C. Docket No. 07-80030-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

XOCHITL ARITH FLORES,
a.k.a. Addie,
a.k.a. Adie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 11, 2009)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Xochitl A. Flores appeals the district court's grant of her *pro se* motion to reduce her ten-year sentence under 18 U.S.C. § 3582(c)(2). The district court found that, based on Amendment 706 to the Sentencing Guidelines, Flores was entitled to a reduction in her sentence, but not below the ten-year statutory minimum provided by 21 U.S.C. § 841(b)(1)(A). On appeal, Flores argues for the first time that the district court erred by failing to re-determine her eligibility for "safety-valve" relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, based on Amendment 709 to the Guidelines.

Generally, "[i]n a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines," and we review for an abuse of discretion "a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2)." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). Arguments raised for the first time on appeal, however, are reviewed for plain error. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). When reviewing for plain error, we will not reverse the district court's decision "unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (quotation omitted). If all three conditions are met, we may exercise our discretion to notice the error, but only if "the error seriously affects the fairness, integrity, or

2

public reputation of judicial proceedings." *Id.* (quotation omitted). "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). In such a case, the district court may reduce the defendant's sentence, after considering applicable 18 U.S.C. § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), . . . and any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

3

U.S.S.G. § 1B1.10(a)(1) (2008). For a district court to have authority, pursuant to § 3582(c)(2), to reduce a sentence based on an amendment to the Guidelines, two initial conditions must be met. First, the sentencing range must be lowered by the amendment. *See United States v. Pope*, 58 F.3d 1567, 1568-69, 1572 (11th Cir. 1995) (ordering the district court to reinstate the original sentence on remand because the sentencing range was not lowered by the amendment). Second, the amendment must be listed as retroactively applicable in § 1B1.10(c). *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

Amendment 706 to the Sentencing Guidelines reduced base offense levels for certain crack cocaine offenses, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 706 (2008). Amendment 706, which is listed in U.S.S.G. § 1B1.10(c), was made retroactive by Amendment 713. *See* U.S.S.G. App. C, Amend. 713; U.S.S.G. § 1B1.10(c) (2008).

Amendment 709 is not listed in U.S.S.G. § 1B1.10(c) and was not made retroactive by any later amendment. *See* U.S.S.G. § 1B1.10(c); *see generally* U.S.S.G. App. C. As a result of this amendment, sentences for "misdemeanor and petty offenses" are generally counted for purposes of computing a defendant's criminal history, but sentences of probation for certain listed offenses are counted only if the sentence was for "more than one year," instead of "at least one year."

*See* U.S.S.G. App. C, Amend. 709; *compare* U.S.S.G. § 4A1.2(c)(1) (2006) *with* U.S.S.G. § 4A1.2(c)(1) (2007).

A defendant convicted of an offense under 21 U.S.C. § 841(a) involving 50 grams or more of crack cocaine must be sentenced to a term of imprisonment of at least 10 years. 21 U.S.C. § 841(b)(1)(A). Pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, known as the "safety valve," a district court must impose a sentence without regard to the statutory minimum sentence if the defendant meets the criteria listed in subsections (1) through (5), which include having no more than one criminal history point. 18 U.S.C. § 3553(f)(1)-(5); U.S.S.G. § 5C1.2.

The record here shows that the district court followed the proper procedure for re-sentencing under § 3582(c)(2). In addition, the district court did not plainly err in failing to apply Amendment 709 to re-determine Flores's safety-valve eligibility. Accordingly, we affirm Flores's sentence.

**AFFIRMED.**