**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-31189
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH WILL ROBINSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CR-30053-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joseph Will Robinson, federal prisoner # 12539-035, pleaded guilty to possession with the intent to distribute crack cocaine and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to 240 months of imprisonment on the crack cocaine offense and 60 months of imprisonment on the firearm offense, to run consecutively for a total of 300 months of imprisonment. Robinson now appeals the district court's denial of a sentencing

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction under 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's amendment to the Sentencing Guidelines's base offense levels for crack cocaine offenses.

Robinson argues that he is eligible for resentencing under the recent amendment; his amended guidelines range of imprisonment is advisory; the district court's refusal to change his base offense level prejudiced him "regardless of any change in his sentence;" and his initial sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005). We review the district court's denial of a sentencing reduction under § 3582(c) for abuse of discretion. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the defendant's sentence is based on a sentencing range that has been lowered by the Sentencing Commission. Robinson's 240-month sentence was the statutory minimum sentence available under 21 U.S.C. § 841(a)(1)(A) because Robinson had a prior felony drug conviction. His sentence cannot be further reduced based on a guideline amendment. *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir.), *cert. denied*, 129 S. Ct. 212 (2008) (holding that district courts may not sentence below statutory minimum absent Government motion under 18 U.S.C. § 3553(e) or defendant's meeting criteria of § 3553(f)); U.S.S.G. § 1B1.10, comment. (n.1(A)(ii)). Robinson has not has not shown that the district court abused its discretion in denying him a sentencing reduction. *See Doublin*, 572 F.3d at 237.

AFFIRMED.