**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0479n.06

**No. 08-5709**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 05, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| WAYNE A. GOODLOE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |
| _____ | ) | |

**Before:  COLE, GILMAN, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Defendant Wayne Goodloe appeals the district court

order denying his motion for reduction of sentence, brought pursuant to 18 U.S.C. § 3582(c)(2),

based on the retroactive amendments to the crack-cocaine sentencing guideline.  We **AFFIRM**.

I.

A.

On August 8, 2002, pursuant to a plea agreement, Goodloe pleaded guilty to one count of

conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

The agreement provided in pertinent part that the government would move to dismiss the remaining

counts of the indictment, the parties would jointly recommend that Goodloe's base offense level be

scored at 32 (which correlated to 50-150 grams of crack under the guideline in place at the time), the

government would recommend a three-level reduction for acceptance of responsibility, the parties

would retain the right to argue for and against application of the "safety valve" exception to the

mandatory minimum sentence, and, by entering his plea, Goodloe would waive his right to appeal any sentence within the maximum provided by the guidelines range associated with the offense level determined by the court.

The presentence report (PSR) calculated that Goodloe had four criminal history points, all based upon various juvenile offenses, the last of which was driving without a license after curfew. The four criminal history points placed Goodloe in criminal history category III. Goodloe's offense level of 29 and criminal history category of III resulted in a guidelines sentencing range of 108-135 months. However, Goodloe was subject to a 120-month statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(A). Accordingly, the PSR calculated his "applicable" guidelines range as 120 to 135 months.

Goodloe objected to receiving a criminal history point for the driving-without-a-license-after-curfew offense, arguing that he was not sentenced to the minimum of 30 days that U.S.S.G. § 4A1.2(c) requires in order to generate a criminal history point. Goodloe also requested a downward departure from criminal history III to category I, based upon, *inter alia*, his juvenile convictions overstating the seriousness of his criminal history.[1]

The district court conducted a sentencing hearing on October 28, 2002. The court rejected Goodloe's argument concerning the point for the drivers-license offense, observing that the guidelines called for adding Goodloe's original term of imprisonment to the additional prison time he received for violating his probation, totaling over 30 days. But the district court agreed that

---

[1]While arguing the request at the sentencing hearing, Goodloe's attorney argued for a reduction to "one criminal history point."

Goodloe's criminal history points over-represented the likelihood that he would commit future crimes, and "depart[ed] down to a criminal history category of one, [correlating to a] guideline range [of] 87 to 108 [months]." However, the court found that notwithstanding this departure, it was not permitted to recalculate Goodloe's criminal history points, and therefore Goodloe still had four points and was not eligible for a safety-valve reduction.[2] The court concluded that the mandatory minimum 120-month sentence applied, noted that "under the guidelines the statutory mandatory minimum sentence becomes the guideline range," and sentenced Goodloe to 120 months in prison. Neither party raised additional objections.

B.

On February 22, 2008, Goodloe filed a *pro se* motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). The district court appointed counsel. Through counsel, Goodloe argued that the crack-cocaine amendments lowered his sentencing range, triggering the court's authority to resentence under § 3582; that *United States v. Clark*, 110 F.3d 15 (6th Cir. 1997), dictates that he receive the

---

[2]A defendant must have no more than one criminal history point to qualify for the safety valve. The relevant provision of the safety-valve statute for purposes of this appeal is

> (f) Limitation on applicability of statutory minimums in certain cases.– Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) . . . , the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that–
>
> > (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1) (bold removed).

benefit of any guideline amendments passed subsequent to his original sentence, including the non-retroactive change in the guidelines concerning counting prior offenses not separated by an intervening arrest, which he maintained would now score three of his previous offenses as warranting a single criminal history point; and that his remaining prior offense (the no-license offense) should not receive a criminal history point for the same reasons he had argued at his original sentencing hearing. Accordingly, Goodloe argued, he had only one criminal history point and would be eligible for the safety valve upon resentencing under the amended crack guidelines.

The district court denied Goodloe's motion, finding that it was not authorized to reduce Goodloe's orginal sentence pursuant to § 3582(c)(2) because Goodloe's 120-month mandatory minimum sentence was not affected by the amendment to the crack sentencing guidelines. The court went on to analyze Goodloe's qualification for the safety valve.[3] It rejected Goodloe's argument that he should not receive a point for the no-license offense, reiterating its earlier conclusion that the 40 additional days in prison that Goodloe received for violating probation counted. Because counting this criminal history point meant that Goodloe had at least two and thus would not qualify for the safety valve, the court did not evaluate the parties' arguments concerning the three offenses (and three points) potentially affected by the intervening-arrest guideline change.

## C.

Goodloe timely appealed. The government filed a motion to dismiss, arguing that Goodloe's challenge of the district court's original conclusion at sentencing that he had too many criminal

---

[3]Because a conclusion that Goodloe is not entitled to resentencing would preclude a re-evaluation of his criminal history score and/or eligibility for the safety-valve reduction, it appears that this portion of the district court's opinion is, functionally at least, an alternative analysis.

history points to be eligible for the safety valve violated the terms of his plea agreement. The government argued that by not challenging Goodloe's § 3582 motion in the district court, it had already given him a "bite at the apple" that it was not obligated to provide under the terms of the plea agreement, but it wished to avoid devoting time and resources to the "appeal of a determination that [Goodloe] was not entitled to in the first place." Goodloe responded that the waiver covered appeals, but not § 3582 motions. On March 6, 2009, a panel of this court referred the motion to the merits panel, noting that "[i]t is unclear whether the appellate-waiver provision in the defendant's plea agreement encompassed a § 3582(c)(2) motion and, thus, whether the defendant knowingly waived his right to file such a motion, given the lack of a specific reference to such a motion in the appellate-waiver provision. It does not appear that the court has ever directly addressed this issue." *United States v. Goodloe*, No. 08-5709 (6th Cir. Mar. 3, 2009) (order referring motion to dismiss to the merits panel).

## II.

The government's motion to dismiss the appeal is based upon the following waiver language in the plea agreement:

> 16. . . . [T]he defendant knowingly waives the right to appeal any sentence within the maximum provided in the offense level as determined by the court or the manner in which that sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. Such waiver does not apply, however, to claims of prosecutorial misconduct, ineffective assistance of counsel, or if the Court departs upward.

> 18. The defendant also knowingly waives the right to challenge the sentence imposed and the manner in which it was determined in any collateral attack,

> including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255, except
> for claims of ineffective assistance of counsel or prosecutorial misconduct.

The waiver does not mention § 3582 motions.

Any ambiguity in plea-agreement language is construed against the government. *See United States v. Harris*, 473 F.3d 222, 225 (6th Cir. 2006). Although Goodloe did waive the right to appeal or collaterally attack the sentence imposed, a § 3582 motion is not an attack on the original sentence. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009) (per curiam) ("§ 3582(c)(2) motions do not contest but rather bring to the court's attention changes in the guidelines that allow for a sentence reduction."); *id.* ("Indeed, the defendant could not contest the district court's original sentence of imprisonment through § 3582(c)(2) proceedings because § 3582(c)(2) provides no avenue through which to attack the original sentence.") (some quotation marks omitted). *See also United States v. Woods*, 581 F.3d 531, 536 (7th Cir. 2009); *United States v. Leniear*, 574 F.3d 668, 672 & n.3 (9th Cir. 2009); *United States v. Chavez-Salais*, 337 F.3d 1170, 1174 (10th Cir. 2003); *United States v. Strachan*, 319 F. App'x. 774, 776 (11th Cir. 2009) (unpublished); *United States v. Isaacs*, 301 F. App'x 183, 185 (3d Cir. 2008) (unpublished) (noting that appellant who was barred by appellate waiver was free to file a § 3582 motion). Thus, because the waiver is at best ambiguous as to the § 3582 motion, we deny the government's motion to dismiss.

## III.

Although Goodloe frames his appeal as an attack on the district court's criminal history score determination, two preliminary determinations on which his argument rests obviate the need to address Goodloe's stated claim. First, because Goodloe is subject to a ten-year statutory minimum

sentence, and therefore the retroactive crack amendments do not have the effect of reducing his sentencing guidelines range, he is not eligible for resentencing under § 3582. Second, assuming *arguendo* that Goodloe is entitled to resentencing, the district court could not have properly applied Amendment 709 to recalculate his criminal history points because it is not among those amendments Congress directs should be applied retroactively.

A.

A district court's decision to grant or deny a § 3582 motion is reviewed for abuse of discretion. *See United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004). However, "[w]here, as here, the district court does not simply decline to use its authority under § 3582(c)(2) but instead rules that it has no authority to reduce the defendant's sentence under the statute, the district court's conclusion that the defendant is ineligible for a sentence reduction is a question of law that is reviewed de novo." *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

A district court may modify a defendant's sentence only "as provided by statute." *United States v. Washington*, 584 F.3d 693, 696 (6th Cir. 2009). The relevant statute here, 18 U.S.C. § 3582(c)(2), provides that a sentencing court "may not modify a term of imprisonment once it has been imposed" except

> (2) in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)*, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

(emphasis added).

In U.S.S.G. § 1B1.10, the Sentencing Commission identified the amendments that may be

applied retroactively through § 3582(c)(2), and explained the "limited nature" of § 3582 relief. *See*

*United States v. Johnson*, 564 F.3d 419, 422 (6th Cir. 2009). U.S.S.G. § 1B1.10 provides:

> (1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–
>
> > (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) *An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.*

U.S.S.G. § 1B1.10(a) (emphasis added).[4] The Application Note to this section explains that a

retroactive amendment does not have the effect of lowering the defendant's applicable guidelines

range where the defendant's original sentence was dictated by a statutory minimum. Section 1B1.10

cmt. n.1A states:

> 1. Application of Subsection (a).
> (A) Eligibility.– Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant

---

[4]The current version of § 1B1.10(a) became effective March 3, 2008, before the district court ruled on Goodloe's § 3582 motion. *See Johnson*, 564 F.3d at 422.

but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

(bold removed).

Amendment 706, the "crack amendment," is the retroactive amendment on which Goodloe's claim for a § 3582 reduction is based. The amendment is included in the list of amendments in U.S.S.G. § 1B1.10(c), and "has the effect of reducing by two levels the base offense level for most cocaine-base [crack] offenses." *Johnson*, 569 F.3d at 624. The key inquiry here is whether the crack amendment has the effect of lowering Goodloe's "sentencing range" as required by § 3582(c)(2). It does not.

The district court initially calculated Goodloe's sentencing range as 108-135 months. If Goodloe's offense level is lowered by two pursuant to the amendment, his range becomes 87-108 months. However, the "applicable range" that must be lowered by the amendment is the actual sentencing range that results from application of all the relevant guidelines and statutory minimums. *See generally Johnson*, 564 F.3d at 423. The ten-year statutory minimum of 21 U.S.C. § 841(b)(1)(A) was in place at the time of Goodloe's initial sentencing, making his relevant range 120-135 months. Because this same mandatory minimum would have controlled his resentencing as well, his relevant "range" on resentencing would have been 120 months. *See id.* (holding that where the mandatory minimum sentence exceeds the guidelines range, it replaces the guidelines range). Goodloe argues that the movement from 120-135 months to 120 months is a qualifying reduction in range. However, where the defendant was initially sentenced to the statutory minimum, courts have not embraced this interpretation. *See id.* at 421-23 (defendant "was not in fact sentenced

based on a Guidelines range that was subsequently reduced" where the statutory minimum was 240 months, his initial guidelines range was 240-293 months, and his amended range would have been 188-235 months but for the statutory minimum, making the minimum of defendant's range 240 months); *see also United States v. Robinson*, 353 F. App'x 941, 942 (5th Cir. 2009) (unpublished per curiam) (affirming district court's denial without noting defendant's initial range, based upon fact that defendant had received the statutory minimum and was still subject to it); *United States v. Parker*, 358 F. App'x 632, 634 (6th Cir. 2009) (unpublished per curiam) (defendant not sentenced based upon a guidelines range that has been subsequently lowered where "his sentence was instead based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remains unchanged by Amendment 706."); U.S.S.G. § 1B1.10(a) cmt. n.1A (reduction not authorized if a retroactive amendment "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . a statutory mandatory minimum term of imprisonment[].")[5]

B.

Goodloe seeks to avoid application of the statutory mandatory minimum on resentencing through the safety valve, which is available to a defendant with only one criminal history point. 18 U.S.C. § 3553(f)(1), *supra* note 2. At Goodloe's original sentencing, the court assessed four criminal history points, three of which resulted from related drug transactions. Goodloe asserts that

---

[5]In light of Goodloe's argument that technically, he faced a lower range in any change from 120-135 months to 120-120 months, it is worth pointing out that, despite his initial "applicable range," Goodloe never actually faced a risk of a sentence higher than 120 months. The district court departed downward at sentencing, calculating Goodloe's guideline range as 87-108 months. Goodloe received a sentence as high as 120 months only because it was required by statute.

application of the 2007 amendments to U.S.S.G. § 4A1.2(a) would result in these three points being

reduced to one, and argues that *United States v. Clark*, 110 F.3d 15 (6th Cir. 1997), mandates that

he be resentenced under the guidelines as they existed at the time of resentencing. However, because

the guidelines expressly preclude application of the subsequent amendments to U.S.S.G. § 4A1.2(a),

Goodloe's argument fails.

The guidelines make clear that a resentencing under § 3582 is not a full resentencing. The

relevant portions of U.S.S.G. § 1B1.10 state:

(a) Authority.–

(3) Limitation.– Consistent with subsection (b), *proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.*

(b) Determination of Reduction in Term of Imprisonment.–

(1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, *the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.*

U.S.S.G. §§ 1B1.10(a)(3) & (b)(1) (emphasis added). This section was enacted after *Clark, supra,*

upon which Goodloe's argument is premised.

The language of § 1B1.10(b)(1) is clear: if an amendment is not listed in § 1B1.10(c), it

cannot be applied in a § 3582(c)(2) resentencing proceeding. Amendment 709, which Goodloe

contends applies to make his three prior offenses properly scored as one, is not listed in subsection

§ 1B1.10(c) and thus cannot properly be applied on resentencing. *See United States v. Gillis*, 592

F.3d 696, 699 (6th Cir. 2009) (finding no entitlement to resentencing where sentence is based on

non-retroactive amendment). Thus, Goodloe's criminal history points continue to make him

ineligible for the safety valve,[6] and the district court correctly determined that notwithstanding the

subsequent amendment to the crack guidelines, Goodloe's minimum sentence remained 120 months.

Accordingly, Goodloe is not entitled to a sentence reduction under 18 U.S.C § 3582(c)(2). We

**AFFIRM.**[7]

---

[6]Because Goodloe's three drug offenses continue to warrant the three points originally assessed, there is no need to address his arguments challenging the criminal history point he received for the no-license offense.

[7]We note that our decision is consistent with the disposition of similar cases. In *United States v. Flores*, 311 F. App'x 287, 289 (11th Cir. 2009) (unpublished), the district court found that Flores was entitled to a reduction in her sentence based on the crack amendment, but not below the ten-year statutory minimum of 21 U.S.C. § 841(b)(1)(A). Flores argued that the district court erred by failing to re-determine her eligibility for the safety valve based on a recalculation of her criminal history points according to (non-retroactive) Amendment 709. *Id*. at 288. The court of appeals affirmed, concluding that, "[t]he record here shows that the district court followed the proper procedure for re-sentencing under § 3582(c)(2). . . . [T]he district court did not plainly err in failing to apply Amendment 709 to re-determine Flores's safety-valve eligibility." *Id*. at 289. *See also United States v. Peters*, 524 F.3d 905, 907 (8th Cir.) *cert. denied*, 129 S. Ct. 290 (2008) (holding that defendant not entitled to reconsideration of criminal history score under Amendment 709 in § 3582 motion: "Mr. Peters was and is not entitled to safety valve relief, but he is subject to the statutory mandatory minimum sentence that he received."); *United States v. Adrow*, 280 F. App'x 569, 570 (8th Cir. 2008) (unpublished per curiam) (upholding § 3582 denial where district court was bound by statutory minimum and "refused to reconsider Adrow's criminal history score or grant safety valve relief").