FILED
United States Court of Appeals
Tenth Circuit

September 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff‑Appellee,

v.

CEDRICK L. CARTER,

    Defendant‑Appellant.

No. 09-6254
(D.C. No. 5:00-CR-00142-L-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ,** Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

---

Cedrick L. Carter appeals the district court's dismissal for lack of jurisdiction of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

A jury convicted Mr. Carter of multiple crack-cocaine-related offenses on February 22, 2001. On June 19, 2001, the district court sentenced him to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

concurrent imprisonment terms of 324 months, the bottom of the guidelines range applicable to some of the counts, and 48 months, the statutory maximum applicable to the remaining counts. On December 21, 2008, Mr. Carter moved for a sentence reduction pursuant to § 3582(c)(2), based on Amendment 706 to the United States Sentencing Guidelines (USSG). Amendment 706 "generally adjust[ed] downward by two levels the base offense level assigned to quantities of crack cocaine." *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008). It took effect in November 2007 and was later made retroactive. *See id.* Agreeing that Amendment 706 subsequently lowered Mr. Carter's applicable sentencing range, the district court granted his motion and reduced his sentence to concurrent terms of 262 months and 48 months.

Proceeding pro se, Mr. Carter filed a new § 3582(c)(2) motion on July 16, 2009. The court construed his motion as seeking a reduction in his term of imprisonment based on Amendment 709 to the USSG. But the district court concluded it was without authority to reduce Mr. Carter's sentence further because that amendment is not listed as one of the covered amendments in the USSG. *See* USSG Manual § 1B1.10(c). Therefore, the court dismissed his motion for lack of jurisdiction.[1] The district court also denied Mr. Carter's

---

[1] The district court also construed Mr. Carter's motion as raising several issues related to the original imposition of his sentence. The court held that these arguments constituted an unauthorized second or successive motion under

(continued...)

application to proceed in forma pauperis on appeal, concluding his appeal was not taken in good faith.

We review Mr. Carter's pro se appeal arguments liberally. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). Applying that standard, we can discern only one issue he wishes to present on appeal: whether the district court erred in dismissing his § 3582(c)(2) motion for lack of jurisdiction. We review a district court's determination of the scope of its authority in a § 3582(c)(2) proceeding de novo. *United States v. McGee*, ___ F.3d ___, 2010 WL 3211161, at *2 (10th Cir. Aug. 16, 2010).

Section 3582(c) sets forth limited exceptions to the rule that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Subsection (c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

---

[1](...continued)
28 U.S.C. § 2255. The district court declined to transfer Mr. Carter's motion to this court in the interest of justice. We do not read his appeal brief as challenging this portion of the district court's order.

*Id.* § 3582(c)(2) (emphasis added).  The applicable policy statement is set forth in USSG Manual § 1B1.10, which provides in relevant part, "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3852(c)(2) if . . . none of the amendments listed in subsection (c) is applicable to the defendant."  USSG Manual § 1B1.10(a)(2)(A).  Subsection (c) lists "[a]mendments covered by this policy statement."  *See id.* § 1B1.10(c).

"[T]he Sentencing Commission's policy statements in § 1B1.10 are binding on district courts and limit their authority to grant motions for reduction of sentences."  *McGee*, 2010 WL 3211161, at *4.  Thus, in considering a § 3582(c)(2) motion, a district court must first determine whether the prisoner is eligible under § 1B1.10 for a sentence modification.  *See McGee*, 2010 WL 3211161, at *3.  If a reduction is not authorized by the applicable policy statement, the court does not proceed to the second step of determining whether, in its discretion, a reduction is warranted under the particular circumstances.  *See id.*

Mr. Carter argued in the district court that his sentence should be reduced based on Amendment 709, which modified the manner in which a defendant's criminal history score is determined.  *See* USSG App'x C Supp., Amend. 709 (Nov. 1, 2007).  Amendment 709 became effective on November 1, 2007, *see id.*, but it is not listed as one of the covered amendments in USSG Manual

§ 1B1.10(c).  Therefore, in considering Mr. Carter's motion, the district court correctly concluded at the first step in the analysis that a reduction in Mr. Carter's term of imprisonment was not consistent with the policy statement in § 1B1.10 and was therefore not authorized under § 3582(c)(2).  *See United States v. Torres-Aquino*, 334 F.3d 939, 940-41 (10th Cir. 2003) (holding reduction of sentence under § 3582(c)(2) based on amendment not listed in § 1B1.10(c) is not authorized); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993) (per curiam) (same); *see also United States v. Horn*, 612 F.3d 524, 527 (6th Cir. 2010) ("Because Amendment 709 is not listed in subsection (c), the district court did not have the authority to resentence [defendant]."); *United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008) (holding Amendment 709 is not "covered amendment under § 1B1.10 to which retroactive treatment may be given").

Mr. Carter has not identified any error in the district court's analysis or conclusion.  The judgment of the district court is AFFIRMED.  We DENY Mr. Carter's application to proceed in forma pauperis on appeal and direct him to immediately pay the filing and docket fee in full.

Entered for the Court

Wade Brorby
Senior Circuit Judge