# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

Lyle W. Cayce
Clerk

No. 10-20230
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES SANDLE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:94-CR-282-3

Before KING, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Sandle, federal prisoner # 66616-079, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence under the recent crack cocaine guidelines amendments. He argues that the district court abused its discretion in denying his § 3582(c)(2) motion; that the district court should have reduced his sentence based on the recent crack cocaine guidelines amendments; and that his statutory mandatory minimum sentence was improperly based on his prior conviction for simple possession.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20230

A district court's decision whether to reduce a sentence is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Because Sandle was subject to a statutory mandatory minimum sentence of 240 months of imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii), the district court lacked authority to impose a sentence below the statutory minimum sentence. *See United States v. Carter*, 595 F.3d 575, 577, 579-81 (5th Cir. 2010); *see also United States v. Robinson*, 353 F. App'x 941, 942 (5th Cir. 2009). Sandle's reliance on *Spears v. United States*, 129 S. Ct. 840 (2009), is misplaced as *Spears* did not involve a § 3582(c)(2) motion. *See Spears*, 129 S. Ct. at 841-45.

Sandle's argument challenging his original sentencing may not be raised in a § 3582(c)(2) motion. A § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Therefore, this argument is not cognizable in a § 3582(c)(2) motion. *See Evans*, 587 F.3d at 674.

AFFIRMED.