STRANCH, Circuit Judge,
concurring in part and dissenting in part.
I write separately because I disagree with the majority’s conclusion that Bryant waived his right to. seek a sentence reduction. The lead opinion asserts that the plea agreement “could not be clearer.” (Maj. Op. 3) I disagree. The plea agreement states that Bryant “knowingly waive[d] the right to challenge [his] sentence in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c).” The parties appear to agree that a motion for sentence reduction under § 3582(c) is not properly considered a “collateral attack.” Despite this apparent contradiction in the wording of the plea agreement, the majority concludes that “the language ... could not be more specific.” (Maj. Op. 3) I find the language of the plea agreement to be ambiguous and therefore respectfully dissent from the determination that Bryant waived his right to move for a sentence reduction.
Plea agreements are “contractual in nature” but also “implicate[ ] concerns in addition to those" pertaining to the formation and interpretation of commercial contracts between private parties.” United States v. Randolph, 230 F.3d 243, 249 (6th Cir. 2000) (quoting United States v. Johnson, 979 F.2d 396, 399 (6th Cir. 1992)). A defendant’s “underlying right of contract is constitutional,” therefore “both constitutional and supervisory concerns require holding the government to a greater degree of responsibility than the defendant ... for imprecisions or ambiguities in the plea agreements.” Id.; see also United States v. Bouman, 634 F.3d 357, 360 (6th Cir. 2011). In Randolph, the defendant entered a plea agreement for conspiracy charges in Texas. Id. at 247. After entering the plea agreement, prosecutors in Texas notified law enforcement in Tennessee of the conspiracy and “provided them with all the information obtained as a result of the Texan investigation.” Id. Even though the express terms of the plea agreement provided that Randolph would not be further *425 prosecuted on the matter in Texas, we vacated the conviction in Tennessee because Randolph “was in no way informed as to the illusory nature of the government’s promise.” Id. at 251. The “exigencies of due process and the operation of the fundamental canons of contract construction compel us to the conclusion that Randolph’s prosecution in Tennessee was entirely barred by the plea agreement he entered into in ... Texas.” Id.
In a similar fashion, concerns for Bryant’s constitutional rights must guide our interpretation of the plea agreement in this case. Constitutional rights may be surrendered in a plea agreement “if that waiver was made knowingly and voluntarily.” United States v. Wilson, 438 F.3d 672, 673 (6th Cir. 2006). But defendants do not waive a constitutional right through a plea agreement that is ambiguous on the matter. United States v. Jones, 569 F.3d 569, 573 (6th Cir. 2009).
In this case, Bryant waived the right to challenge his sentence “in any collateral attack.” That language is followed by references to three statutes that spell out post-conviction procedures: 1) § 2255 (providing for collateral attack on federal sentence); 2) § 2241 (providing for collateral attack through writ of habeas corpus); and 3) § 3582(c) (providing for modification of imposed term of imprisonment). Section 3582(c) allows a court to modify a term of imprisonment in specified circumstance^, including “to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.” § 3582(c)(1)(B). Rule 35 allows a court to correct a clear error within fourteen days of sentencing or to reduce a sentence on a government motion for substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35. Presumably, the provision in § 3582(c)(1)(B) authorizes modification “expressly permitted” by the other statutes, § 2255 and § 2241, listed in the plea agreement.
The majority opinion concludes that a waiver of the right to move for a sentence reduction under § 3582(c) is more specific than a general waiver of “any collateral attack.” (Maj. Op. 3) However, another way to read the provision is that “any collateral attack” includes motions under § 2255 (collateral attack), § 2241 (collateral attack), and § 3582(c)(1)(B) (providing courts with authority to modify sentences permitted by statute or rules). This alternative reading of the provision does not reach a motion under § 3582(c)(2), which is based on a subsequent change in a sentencing range and is not a collateral attack. See United States v. Goodloe, 388 Fed.Appx. 500, 503 (6th Cir. 2010). Under this reading, Bryant has not waived his right to bring a motion for a sentence reduction under § 3582(c)(2).
The ambiguity of the waiver provision— combined with constitutional concerns that direct us to read plea agreements against the Government—require that we reach the merits of Bryant’s appeal. I therefore respectfully dissent from the determination that Bryant waived his right to bring a motion for a sentence reduction under § 3582(c)(2).
On the merits, I agree with the majority that Bryant’s plea agreement was not “based on” the Guidelines as required by Freeman v. United States, 564 U.S. 522, 131 S.Ct. 2685,180 L.Ed.2d 519 (2011), and United States v. McNeese, 819 F.3d 922 (6th Cir. 2016), the latter of which was decided after the district court ruled on Bryant’s motion. I therefore concur in the judgment.