# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1682
_____

United States of America

*Plaintiff - Appellee*

v.

Brett Allan Corrigan, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: February 15, 2021
Filed: July 27, 2021
_____

Before SMITH, Chief Judge, ARNOLD and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

Brett Corrigan, Jr. received a mandatory-minimum sentence of 60 months in prison. The question presented here is simple: can Corrigan appeal an enhancement when, no matter what we decide, his sentence cannot get any shorter? We conclude that the answer is no, so we dismiss his appeal.

Based on his involvement in a large-scale drug-trafficking operation, Corrigan pleaded guilty to conspiracy to distribute at least 100 kilograms of a mixture or substance containing marijuana. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), 846. At sentencing, the district court[1] gave him a two-level enhancement for possessing a dangerous weapon, which yielded an advisory range of 60 to 71 months in prison. *See* U.S.S.G. § 2D1.1(b)(1); *United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008) (per curiam). The quirk here is that the sentence he received, 60 months in prison, is also the mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(B)(vii).

As may be evident by now, nothing we do here will affect Corrigan's sentence, meaning that we lack the ability to "provide . . . any effectual relief." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021). Win or lose, it makes no difference—his sentence will remain 60 months because of the mandatory minimum. In jurisdictional terms, Corrigan "'lack[s] a cognizable interest in the outcome,'" which means that there is no longer "a [live] case or controversy under Article III." *Brazil v. Ark. Dep't of Hum. Servs.*, 892 F.3d 957, 959 (8th Cir. 2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

In fact, any live controversy over the enhancement ended the moment the district court gave him a 60-month prison sentence. At that point, enhancements and reductions no longer mattered because a decreased offense level could not drive his sentence any lower. *See Peters*, 524 F.3d at 907 (explaining that the Sentencing Guidelines "set[] the bottom of the guidelines range at the statutory mandatory minimum when it would otherwise be below the mandatory minimum"). Corrigan himself recognizes the problem when he admits in his brief that "the application of the weapon enhancement may not affect the length of [his] prison sentence." In short, as far as the length of the sentence is concerned, the issue Corrigan has raised

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

is moot. *See United States v. Williams*, 216 F.3d 611, 615 (7th Cir. 2000) (concluding that a sentencing challenge was moot in similar circumstances); *United States v. Thornton*, 444 F.3d 1163, 1168 (9th Cir. 2006) (same); *United States v. Payton*, 405 F.3d 1168, 1172 (10th Cir. 2005) (same).

Corrigan makes a halfhearted attempt to keep the controversy alive by suggesting that the enhancement could have the collateral consequence of making him ineligible for in-prison drug treatment. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (discussing the collateral-consequences exception to mootness). Even assuming that this sort of collateral consequence would be enough to overcome mootness, we have nothing more than speculative statements from counsel on this point. *Cf. Exeter Bancorporation, Inc. v. Kemper Sec. Grp., Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) ("[S]tatements of counsel are not evidence . . . ." (alteration in original) (quotation marks omitted)). And speculation alone does not allow us to "retain[] jurisdiction over a moot case." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1036 (8th Cir. 2004).

_____