**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES W. MCGEE,

     Defendant-Appellant.

No. 09-6196

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JUAN CARLOS ANGULO-LOPEZ,

     Defendant-Appellant.

No. 09-6197

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TERESA MECHELL GRIFFIN,

     Defendant-Appellant.

No. 09-6198

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DANILO MARTINEZ-PEREZ,

     Defendant-Appellant.

No. 09-6199

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RICORTE ANGULO-LOPEZ,

     Defendant-Appellant.

No. 09-6202

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:91-CR-00220-D)**

Submitted on the briefs:

Susan M. Otto, Federal Public Defender, Oklahoma City, Oklahoma, for Defendants-Appellants.

Sanford C. Coats, United States Attorney, Jonathon E. Boatman and Leslie M. Maye, Assistant United States Attorneys, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Before **BRISCOE,** Chief Judge, **HAWKINS**[*] and **MURPHY**, Circuit Judges.

_____

**BRISCOE**, Chief Judge.

_____

The defendants in these consolidated appeals, Charles McGee, Juan Carlos Angulo-Lopez, Teresa Griffin, Danilo Martinez-Perez, and Ricorte Angulo-Lopez, appeal from the district court's denial of their respective motions for reduction of their sentences pursuant to 18 U.S.C. § 3582(c)(2).  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.[**]

I

Defendants were indicted by a federal grand jury on various drug and firearms charges, including conspiracy to distribute powder and crack cocaine. On August 9, 1992, defendant McGee pled guilty to possession of approximately nine ounces of crack cocaine with intent to distribute.  He was subsequently sentenced to 360 months' imprisonment.

The remaining defendants proceeded to trial on August 10, 1992.  At the conclusion of all the evidence, the jury found each defendant guilty, in pertinent

_____

[*] The Honorable Michael Daly Hawkins, Senior Circuit Judge, Ninth Circuit Court of Appeals, sitting by designation.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are, therefore, submitted without oral argument.

part, of conspiring to distribute crack cocaine. Defendants Juan Carlos Angulo-Lopez, Griffin, and Martinez-Perez were each sentenced to life in prison. Defendant Ricorte Angulo-Lopez was sentenced to 400 months' imprisonment; that sentence was subsequently reduced, based on Amendment 505 to the Sentencing Guidelines (which altered the offense levels and quantity thresholds for drug-related offenses), to 293 months.

Approximately five years later, "[o]n November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c)." United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008). "Amendment 706 provided a 2-level reduction in base offense levels for crack cocaine-related offenses." Id. "On December 11, 2007, the Sentencing Commission promulgated Amendments 712 and 713 which, together, operated to make Amendment 706 retroactive." Id. "Amendments 712 and 713 themselves became effective as of March 3, 2008." Id.

In 2008 and early 2009, defendants each moved to reduce their sentences pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 706. Defendants argued that even though Amendment 706 did not have the effect of lowering their guideline ranges, the district court had authority, in light of the decision in United States v. Booker, 543 U.S. 220 (2005), to engage in full-scale resentencings of defendants and freely ignore the Sentencing Commission's policy statements to the contrary in U.S.S.G. § 1B1.10. The district court, however, denied

4

defendants' motions, concluding that the requested reductions were not authorized under § 3582(c)(2) because Amendment 706 did not have the effect of lowering the defendants' guideline ranges. Defendants each appealed, and the appeals were ultimately consolidated for purposes of disposition.

II

Defendants assert two issues on appeal. First, they contend the district court erred in construing § 1B1.10 of the Sentencing Guidelines as a limitation on its authority to consider their requests for relief and reduce their sentences. Second, defendants contend the Supreme Court's decision in Booker is applicable to proceedings conducted pursuant to § 3582(c)(2), and requires a district court "to determine a sentence sufficient, but not greater than necessary, to achieve the statutory goals of sentencing when a defendant is properly before the court pursuant to an ameliorative sentencing guideline amendment." Aplt. Br. at 24. In other words, defendants argue, a § 3582(c)(2) motion authorizes a district court to effectively "resentence" a defendant.

We review these issues, both of which concern the scope of the district court's authority in a § 3582(c)(2) proceeding, de novo. Rhodes, 549 F.3d at 837. As we shall describe in greater detail below, both issues are foreclosed by the Supreme Court's recent decision in Dillon v. United States, 130 S.Ct. 2683 (2010).

A

Section 3582(c), entitled "Modification of an imposed term of imprisonment," provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Section 1B1.10 of the Sentencing Guidelines, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," in turn provides as follows:

> (a) Authority.—
>
>> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

6

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–

    (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment.—

(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction.—

    (A) In General.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

    * * *

(c) Covered Amendments.—Amendments covered by this policy

7

statement are listed in Appendix C as follows: . . . 706 . . . .

U.S.S.G. § 1B1.10 (emphasis added).

B

While these consolidated appeals were pending, the Supreme Court issued

its decision in <u>Dillon</u>. The defendant in <u>Dillon</u>, like the defendants in these

consolidated appeals, asserted "'[t]here [was] no practical or functional difference

between a resentencing pursuant to § 3582(c)(2) and any other resentencing.'"

130 S.Ct. at 2690 (quoting Defendant's Brief at 18). The Supreme Court rejected

that notion:

> By its terms, § 3582(c)(2) does not authorize a sentencing or
> resentencing proceeding. Instead, it provides for the "modif[ication
> of] a term of imprisonment" by giving courts the power to "reduce"
> an otherwise final sentence in circumstances specified by the
> [Sentencing] Commission. It is also notable that the provision
> applies only to a limited class of prisoners—namely, those whose
> sentence was based on a sentencing range subsequently lowered by
> the Commission. Section 3582(c)(2)'s text, together with its narrow
> scope, shows that Congress intended to authorize only a limited
> adjustment to an otherwise final sentence and not a plenary
> resentencing proceeding.

<u>Id.</u> at 2690-91 (citations omitted).

Continuing, the Court concluded that § 3582(c)(2) "establishes a two-step

inquiry." <u>Id.</u> at 2691. Under step one of this inquiry, the Court held, "§

3582(c)(2) requires [a district] court to follow the Commission's instructions in §

1B1.10 to determine the prisoner's eligibility for a sentence modification and the

extent of the reduction authorized." <u>Id.</u> Only if a district court "determine[s] that

8

a reduction is consistent with § 1B1.10" may it proceed to step two of the inquiry. Id. "At step two of the inquiry," the Court held, "§ 3582(c)(2) instructs a [district] court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 2692. "Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry," the Court emphasized, "it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." Id.

Finally, the Court concluded, "[g]iven the limited scope and purpose of § 3582(c)(2), . . . proceedings under that section do not implicate the interests identified in Booker."[1] Id. In particular, the Court emphasized that "the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled," but rather "represent[] a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." Id. Consequently, the Court held, such proceedings "do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." Id. The Court also rejected the

---

[1] We note, in passing, that the Court's holdings in Dillon are consistent with our prior decision in Rhodes, where we held that pursuant to § 3582(c)(2) the policy statements in § 1B1.10 are binding on district courts and that "Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)." 549 F.3d at 840.

notion that "the remedial aspect of [its] decision [in <u>Booker</u>] applies to proceedings under [§ 3582(c)(2)] and requires that the Guidelines be treated as advisory in such proceedings just as they are in other sentencing proceedings." <u>Id.</u> at 2693. "Given the substantially different purpose of § 3582(c)(2) and the circumscribed nature of proceedings under that section," the Court held, "requiring courts to honor § 1B1.10(b)(2)'s instruction not to depart from the amended Guidelines range at such proceedings will create none of the confusion or unfairness that led [it] in <u>Booker</u> to reject the Government's argument for a partial fix." <u>Id.</u>

C

The Court's holdings in <u>Dillon</u> effectively dispose of both issues asserted by defendants in these consolidated appeals. First, contrary to defendants' assertions, the Court made clear in <u>Dillon</u> that under § 3582(c)(2) the Sentencing Commission's policy statements in § 1B1.10 are binding on district courts and limit their authority to grant motions for reduction of sentences.[2] Second, and

_____

[2] In a post-<u>Dillon</u> supplemental brief, appellants argue, citing Justice Stevens' dissent in <u>Dillon</u>, that the policy statements in § 1B1.10 raise separation-of-powers issues "because Congress never envisioned policy statements would be used to enforce jurisdictional elements of the guidelines." Aplt. Supp. Br. at 3. As the government notes in its own post-<u>Dillon</u> brief, however, this court has previously rejected a similar separation-of-powers challenge to § 1B1.10. <u>United States v. Dryden</u>, 563 F.3d 1168, 1171 (10th Cir. 2009) (holding that "the 'lowering' requirement of § 3582(c)(2) is identical to the requirement in USSG § 1B1.10(a)(2) that the amendment to the guidelines 'have the effect of lowering the defendant's applicable guideline range.'"). Absent an intervening en banc

(continued...)

again contrary to defendants' assertions, the Court made clear that proceedings under § 3582(c)(2) are neither "sentencing [n]or resentencing proceeding[s]," id. at 2690, and "that neither <u>Booker</u>'s constitutional nor remedial holding[s]" apply to such proceedings, id. at 2693. As a result, we conclude the district court did not err in denying defendants' § 3582(c)(2) motions.

AFFIRMED.

---

[2](...continued)
decision from this court or a superseding contrary decision by the Supreme Court, <u>Dryden</u> is binding on us. <u>United States v. Mitchell</u>, 518 F.3d 740, 752 n.14 (10th Cir. 2008).

11