**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CLIFFORD EUGENE JOHNSON,

     Defendant-Appellant.

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES EDWARD McINTYRE,

     Defendant-Appellant.

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ANTHONY DEWAYNE HISHAW,

     Defendant-Appellant.

_____

No. 09-6236
(D.C. No. CR-99-00159-D-1)
(W.D. Okla.)

No. 09-6237
(D.C. No. CR-91-00052-R-1)
(W.D. Okla.)

No. 09-6240
(D.C. No. CR-98-00128-F-1)
(W.D. Okla.)

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LUIS ALFREDO DELGADO,

      Defendant-Appellant.

_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SHANNON L'RAY WALKER,

      Defendant-Appellant.

No. 09-6253
(D.C. No. CR-98-00083-R-1)
(W.D. Okla.)

No. 09-6289
(D.C. No. CR-00-00025-R-9)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate records, this panel has determined

unanimously to honor the parties' requests for decisions on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are, therefore,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

submitted without oral argument.

The defendants in these consolidated appeals, Clifford Johnson, Charles McIntyre, Anthony Hishaw, Luis Delgado, and Shannon Walker, appeal from the denial of their respective motions for modification of their sentences pursuant to 18 U.S.C. § 3582(c)(2). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

As summarized below, defendants were each convicted, in separate criminal proceedings, of crack cocaine-related offenses and sentenced to substantial terms of imprisonment:

> **Clifford Johnson.**  In November 1999, Johnson pled guilty to a single-count information charging him with distributing approximately two ounces of crack cocaine to an undercover police officer on March 25, 1999. Johnson was sentenced to a term of imprisonment of 210 months.

> **Charles McIntyre.**  In July 1991, a jury convicted McIntyre of five drug-trafficking counts, including conspiracy to distribute cocaine and crack cocaine (Count 1), possession of cocaine and crack cocaine with intent to distribute (Counts 2 and 5), and traveling in interstate commerce to facilitate the possession of unspecified quantities of crack cocaine with the intent to distribute (Counts 3 and 4).  McIntyre was sentenced to life imprisonment on Counts 1 and 5, 480 months' imprisonment on Count 2, and 60 months' imprisonment on each of Counts 3 and 4, with all terms to run concurrently.

> **Anthony Hishaw.**  In October 1998, a jury convicted Hishaw of possessing two ounces of crack cocaine with intent to distribute, and being a felon in possession of a firearm.  Hishaw was sentenced to 360 months' imprisonment for the crack cocaine conviction and 120 months' imprisonment for the felon in possession conviction, with the two sentences to run concurrently.

> **Luis Delgado.**  In July 1998, Delgado pled guilty to possessing

3

approximately 255 grams of crack cocaine with the intent to distribute. Delgado was sentenced to 292 months' imprisonment.

**Shannon Walker.** In July 2000, Walker pled guilty to conspiring to possess with the intent to distribute cocaine, crack cocaine, and phencyclidine. Walker was sentenced to a term of imprisonment of 240 months.

"On November 1, 2007, the United States Sentencing Commission promulgated

Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c)."

United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008). "Amendment 706 provided

a 2-level reduction in base offense levels for crack cocaine-related offenses." Id. "On

December 11, 2007, the Sentencing Commission promulgated Amendments 712 and 713

which, together, operated to make Amendment 706 retroactive." Id. "Amendments 712

and 713 themselves became effective as of March 3, 2008." Id.

In 2008 and 2009, defendants each moved to reduce their sentences pursuant to 18

U.S.C. § 3582(c)(2) based upon Amendment 706. Those motions were all denied.

Defendants each appealed, and the appeals were ultimately consolidated for purposes of

disposition.

II

Defendants each assert the same two issues on appeal. First, they each contend

that the district court that ruled on their motion for sentence modification erred in

construing § 1B1.10 of the Sentencing Guidelines as a limitation on its authority to

consider their requests for relief. Second, defendants each contend the Supreme Court's

decision in United States v. Booker, 543 U.S. 220 (2005), is applicable to proceedings

4

conducted pursuant to § 3582(c)(2), and effectively authorizes a district court to "resentence" a defendant. We review these two issues de novo. Both issues concern the scope of a district court's authority in a § 3582(c)(2) proceeding. Rhodes, 549 F.3d at 837.

In United States v. McGee, — F.3d —, 2010 WL 3211161 (10th Cir. 2010), we addressed these identical issues and concluded that the Supreme Court's recent decision in Dillon v. United States, 130 S.Ct. 2683 (2010), "effectively dispose[d] of both . . . ." McGee, — F.3d at —, 2010 WL 3211161 at *4. "First," we noted, "the Court made clear in Dillon that under § 3582(c)(2) the Sentencing Commission's policy statements in [U.S.S.G.] § 1B1.10 are binding on district courts and limit their authority to grant motions for reduction of sentences." Id. "Second," we stated, "the Court made clear that proceedings under § 3582(c)(2) are neither sentencing nor resentencing proceedings, and that neither Booker's constitutional nor remedial holdings apply to such proceedings." Id. (internal quotations, citations and brackets omitted).

In light of McGee and Dillon, we conclude that defendants' § 3582(c)(2) motions were properly denied.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

5