FILED
United States Court of Appeals
Tenth Circuit

September 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LARRY BURNETT,

    Defendant-Appellant.

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DARRELL W. COLLINS,

    Defendant-Appellant.

No. 09-6252
(D.C. No. CR-96-00058-M-2)
(W.D. Okla.)

No. 09-6255
(D.C. No. CR-99-00216-M-2)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unanimously to honor the parties' requests for decisions on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are, therefore, submitted without oral argument.

The two defendants in these consolidated appeals, Larry Burnett and Darrell Collins, appeal from the denial of their respective motions for modification of their sentences. Their motions were filed pursuant to 18 U.S.C. § 3582(c)(2). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In February 1998, a jury convicted Burnett of possession of crack cocaine with intent to distribute. Burnett was sentenced to a term of imprisonment of 292 months.

In April 2000, a jury convicted Collins of one count of conspiring to distribute crack cocaine, four counts of using a telephone to facilitate the distribution of cocaine base and cocaine powder, and four counts of possession with intent to distribute crack cocaine and cocaine powder. Collins was sentenced to 360 months' imprisonment.

"On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c)." United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008). "Amendment 706 provided a 2-level reduction in base offense levels for crack cocaine-related offenses." Id. "On December 11, 2007, the Sentencing Commission promulgated Amendments 712 and 713 which, together, operated to make Amendment 706 retroactive." Id. "Amendments 712 and 713 themselves became effective as of March 3, 2008." Id.

2

In April 2008, Burnett and Collins each moved to reduce their sentences pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 706. Their motions were denied on the grounds that Amendment 706 did not have the effect of lowering their applicable guideline ranges. Defendants both appealed, and the appeals were ultimately consolidated for purposes of disposition.

II

Burnett and Collins each assert the same two issues on appeal. First, they each contend that the district court that ruled on their respective motions for modification erred in construing § 1B1.10 of the Sentencing Guidelines as a limitation on its authority to consider their requests for relief. Second, they each contend that the failure to accord them sentencing relief "based on the crack/powder 100:1 disparity is a denial of due process of law . . . ." Burnett Supp. Aplt. Br. at 4. We review these legal issues de novo. Rhodes, 549 F.3d at 837.

In United States v. McGee, — F.3d —, 2010 WL 3211161 (10th Cir. 2010), we addressed the first of these issues and concluded that the Supreme Court's recent decision in Dillon v. United States, 130 S.Ct. 2683 (2010), "effectively dispose[d] of" that issue. McGee, — F.3d at —, 2010 WL 3211161 at *4. In particular, we noted that the Supreme Court "made clear in Dillon that under § 3582(c)(2) the Sentencing Commission's policy statements in [U.S.S.G.] § 1B1.10 are binding on district courts and limit their authority to grant motions for reduction of sentences." Id. In light of McGee and Dillon, we conclude that defendants' first issue is without merit.

3

Turning to defendants' due process arguments, we conclude they are foreclosed by both Dillon and longstanding Tenth Circuit precedent. In Dillon, the Supreme Court emphasized that "the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled," and that there is "no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments." 130 S.Ct. at 2692. That leaves defendants, then, with only a general due process attack on the penalty disparity between crack and powder cocaine, an argument we have long rejected. E.g., United States v. Turner, 928 F.2d 956, 960 (10th Cir. 1991) ("holding that the different penalties for cocaine base and cocaine in its other forms do not violate due process").

AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Chief Judge