FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2013**

Elisabeth A. Shumaker
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MANUEL GUILLERMO CARRILLO,

    Defendant-Appellant.

No. 12-1421

(D.C. No. 1:99-CR-00300-MSK-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Defendant Manuel Guillermo Carrillo appeals from the district court's order denying his motion for a reduction of his sentence of imprisonment pursuant

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to 18 U.S.C. § 3582(c)(2).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Carrillo was convicted more than a decade ago on charges related to the distribution of controlled substances, including crack cocaine.  See United States v. Hinojosa Gonzalez, 68 F. App'x 918, 921 (10th Cir. 2003) (unpublished).  At sentencing, the district court calculated the sentencing range based on the drugs actually seized and purchased during the investigation into Carrillo's drug trafficking activities: 1778.45 grams of methamphetamine, 315.5 grams of cocaine, and 51.55 grams of crack cocaine.  ROA Vol. I at 19.  The district court calculated a base offense level of 34 based on the quantities of drugs involved.  Pursuant to other provisions of the Sentencing Guidelines, that was increased six levels for a total offense level of 40.

Combined with Carrillo's criminal history category of VI, this resulted in a sentencing range of 360 months to life.  Id.  Carrillo was sentenced to 720 months imprisonment.  Id. at 20. We affirmed this conviction and sentence in Hinojosa Gonzalez.  And we later denied Carrillo's request for a certificate of appealability to challenge the district court's denial of his petition for habeas corpus.  See United States v. Carrillo, 161 F. App'x 790 (10th Cir. 2006) (unpublished).

In 2008, Carrillo, acting *pro se*,[1] filed a motion seeking to reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). See ROA Vol. I at 24. Carrillo pointed to an amendment to the Sentencing Guidelines that reduced the severity of penalties for crimes involving crack cocaine. The government argued that Carrillo was not entitled to relief because "notwithstanding the guideline amendment, the amendment does not have the effect of lowering the defendant's guideline range." Id. at 55. The district court denied Carrillo's motion following a hearing. We dismissed as untimely Carrillo's appeal of the district court's decision. See United States v. Carrillo, No. 09-1007 (10th Cir. March 5, 2009).[2]

In 2012, Carrillo, again acting *pro se*, filed another motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). See ROA Vol. I at 7. He pointed to more recent amendments to the Sentencing Guidelines that had again reduced the severity of penalties for offenses involving crack cocaine. He also alleged various constitutional violations connected to his conviction and sentencing.

---

[1] The district court appointed counsel, who adopted Carrillo's argument. See ROA Vol. I at 30-31.

[2] We also subsequently issued an order denying a certificate of appealability that Carrillo requested to challenge the district court's denial of a habeas corpus petition that argued he received ineffective assistance of counsel related to his 18 U.S.C. § 3582(c)(2) motion. United States v. Carrillo, 389 F. App'x 861 (10th Cir. 2010).

The government again argued that the sentencing range would not change even considering the amendments. Id. at 21. Although the Sentencing Guidelines had been amended since Carrillo filed his 2008 motion, the government did not provide the district court with a new calculation of the appropriate sentencing range—instead, it simply sought to incorporate by reference the facts from its responses to Carrillo's 2008 motion. Id. at 20. The Probation Office also filed an addendum to its presentence report in which it represented that the sentencing range remained the same under the newly amended Sentencing Guidelines. See ROA Vol. II at 6-7.

Without holding a hearing, the district court issued a docket text order denying Carrillo's motion. The order said:

> Most of the arguments raised in the instant motion are either: (i) not properly cognizable in [a] motion under § 3582 (e.g. arguments that his convictions should be vacated or that "Pre-Booker" sentencing procedures were unlawful, etc.), and not cognizable under 28 U.S.C. § 2255 without Mr. Carrillo first obtaining leave from the 10th Circuit to assert a successive § 2255 petition; or (ii) arguments substantively identical to those raised by Mr. Carrillo in a prior § 3582 motion that the Court denied on its merits. Although Congress has since passed the Fair Sentencing Act of 2010 (P.L. 111–220) and the Sentencing Guidelines have been amended accordingly, that change does not materially alter the Guideline calculation applicable to Mr. Carrillo; even under the amended Guidelines, Mr. Carrillo's advisory Guideline range is identical to the range he faced at the time of initial sentencing. Without a change in the applicable Guideline range, Mr. Carrillo is not eligible for relief under § 3582. See[,] e.g., U.S. v. McGee, 615 F.3d 1287, 1291 (10th Cir. 2010). Accordingly, Mr. Carrillo's motion is denied.

-4-

ROA Vol. I at 5-6.  Carrillo now appeals.  He is now represented by counsel.

## II

Under 18 U.S.C. § 3582(c), district courts typically "may not modify a term

of imprisonment once it has been imposed."  This rule, however, is not without

exceptions.  One is that:

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has
> subsequently been lowered by the Sentencing Commission
> pursuant to 28 U.S.C. § 944(o), upon motion of the defendant
> . . . the court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) to the
> extent they are applicable, if such a reduction is consistent
> with applicable policy statements issued by the Sentencing
> Commission.

18 U.S.C. § 3582(c)(2).  This provision "does not authorize a sentencing or

resentencing proceeding," but instead "provides for the modification of a term of

imprisonment by giving courts the power to reduce an otherwise final sentence in

circumstances specified by the Commission."  Dillon v. United States, 130 S. Ct.

2683, 2690 (2010) (quotations omitted).  The Sentencing Commission's policy

statements "are binding on district courts and limit their authority to grant

motions for reductions of sentences."  United States v. McGee, 615 F.3d 1287,

1292 (10th Cir. 2010).

Therefore, before a district court even decides whether a modification is

warranted, "§ 3582(c)(2) requires the court to follow the Commission's

-5-

instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 130 S. Ct. at 2691. Relevant here, U.S.S.G. § 1B1.10 does not permit courts to reduce sentences when the amendment to the Sentencing Guidelines that the defendant relies on "does not have the effect of lowering the defendant's applicable guideline range." See U.S.S.G. § 1B1.10(a)(2)(B) (2011). The district court held that it lacked authority to modify Carrillo's sentence because the applicable sentencing range would not change even if calculated under the amended Sentencing Guidelines. We review *de novo* the scope of the district court's authority in a § 3582(c)(2) proceeding. McGee, 615 F.3d at 1290.

To determine whether the district court properly determined that it had no authority to modify Carrillo's sentence, we must consider the applicable sentencing range under the 2011 Sentencing Guidelines, which were in effect when Carrillo filed his motion.[3] Carrillo was sentenced under U.S.S.G. § 2D1.1, which requires combining all of the drugs included in his sentencing to determine a base offense level. See § 2D1.1, application note 6 (2011). To add quantities of different types of drugs, the Sentencing Guidelines provide a method for converting the quantities of these drugs into the equivalent quantities of

---

[3] We note that the Sentencing Commission has made the applicable amendments retroactive. See U.S.S.G. § 1B1.10(c) (2011); see also United States v. Graham, 704 F.3d 1275, 1276 (10th Cir. 2013).

marijuana. See § 2D1.1, application note 10 (2011).

At the outset, we note that it does not appear the government ever provided the district court with a full and accurate calculation under the amended Sentencing Guidelines. In its response to Carrillo's § 3582(c)(2) motion, the government cited to, and incorporated by reference, its response to the motion Carrillo filed in 2008. However, the drug equivalency tables had changed since Carrillo had filed his 2008 motion seeking modification of his sentence. Under the version of the Sentencing Guidelines in effect when Carrillo filed his first § 3582 motion, crack cocaine—for the purposes of Carrillo's sentence[4]—converted to marijuana at a rate of 14 kilograms of marijuana per gram of crack cocaine. See U.S.S.G. § 2D1.1, application note 10(D)(i)(II) (2007). Under the version of the Sentencing Guidelines in effect when Carrillo filed the motion at issue here, crack cocaine converted to marijuana at a rate of 3.571 kilograms of marijuana per gram of crack cocaine. See U.S.S.G. § 2D1.1, application note 10(D) (2011). Our review of the record does not reveal any document filed by the government in district court that included a new calculation

---

[4] Under the 2007 version of the Sentencing Guidelines, the rate for converting crack cocaine to marijuana was not constant. Instead, it varied with the amount of crack cocaine at issue at sentencing. Standing alone, the amount of crack cocaine attributed to Carrillo, 51.557 grams, represented a base offense level of 30. See § 2D1.1(c)(5) (2007). Crack cocaine at this base offense level was converted to marijuana at the rate of 14 kilograms marijuana to one gram of cocaine base. See U.S.S.G. § 2D1.1, application note 10(D)(i)(II) (2007).

to account for this change.

While the Probation Office filed an addendum to its PSR that asserted that the applicable sentencing range did not change, its calculations also appear, at the very least, incomplete.  The only marijuana equivalency total mentioned in the addendum was the total used during the *initial* sentencing.  The addendum did not include any calculations using the new conversion rates, instead stating that "[p]ursuant to the 2011 edition of the Guidelines Manual, there is no reduction for cases involving cocaine base and one or more other controlled substances, a reduction afforded in the Probation Office's 2008 response to the defendant's reduction motion."  ROA Vol. II at 6.

On appeal, however, the government has provided us with full calculations that demonstrate that the applicable sentencing range would not have changed under the 2011 version of the Sentencing Guidelines.  Even taking into account the lower conversion rate for crack cocaine, the drug quantities included in the sentencing combined for a total marijuana equivalency amount of 3,804.112647 kilograms.  See Aplee. Br. at 16.  Sentences for crimes involving more than 3,000 kilograms but less than 10,000 kilograms of marijuana result in a base offense level of 34—the same base offense level used at the initial sentencing.  See U.S.S.G. § 2D1.1(c)(3) (2011); ROA Vol. I at 19.  That base is, like at the initial sentencing, increased by six levels pursuant to other provisions of the manual.  ROA Vol. I at 19.  Combined with Carrillo's criminal history category of VI, it

results in the same sentencing range as used at the initial sentencing: 360 months to life. See U.S.S.G. ch. 5, pt. A (2011).

Carrillo has not raised any arguments disputing this calculation. Nor did Carrillo provide us with his own calculations that would show the sentencing range would differ under the 2011 version of the Sentencing Guidelines.[5] And while we acknowledge Carrillo may not have had notice of what calculations the government was using to justify its statements in the district court,[6] he has not filed a reply brief challenging the calculations the government has provided to us on appeal. Because the applicable sentencing range would not change even under the 2011 verison of the Sentencing Guidelines, we agree with the district court that it did not have the authority to consider a § 3582(c)(2) motion for reduction.

### III

Carrillo, however, focuses much of his brief on what he alleges was a procedural error made by the district court: the court's failure to record in detail its own findings as to whether the applicable sentencing range would change under the amended version of the Sentencing Guidelines. It is not entirely clear

---

[5] Moreover, Carrillo's calculations in his *pro se* motion filed in the district court did not account for the other drugs considered as part of his sentencing. See ROA Vol. I at 13.

[6] Indeed, Carrillo raised the issue in his opening brief of how the government arrived at the conversion rate of 14 kilograms of marijuana per gram of crack cocaine that was used in the documents the government incorporated by reference in district court. As explained above, this was the conversion rate for Carrillo's sentence as provided by the 2007 version of the Sentencing Guidelines.

what procedural protections defendants are entitled to when the district court is deciding whether it has the authority to consider a § 3582(c)(2) motion, because, as above, this does not constitute a sentencing or resentencing proceeding. But even if we were to assume the district court committed a procedural error, the error was harmless. As explained in Part II, the applicable sentencing range was, in fact, the same under the amended Sentencing Guidelines. The district court therefore lacked any authority to modify Carrillo's sentence.[7] We AFFIRM the decision of the district court.[8]

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[7] Because we would affirm the district court even under harmless-error analysis, we need not resolve the dispute between the parties as to the proper standard of review.

[8] Carrillo's counsel, at Carrillo's request, also incorporates by reference other arguments made by Carrillo in his *pro se* motion filed in the district court. We will not consider these arguments on appeal. "Incorporating by reference portions of lower court or agency briefs or pleadings is disapproved and does not satisfy the requirements of Fed. R. App. P. 28(a) and (b)." 10th Cir. R. 28.4; see also United States v. Gordon, 710 F.3d 1124, 1137 n.15 (10th Cir. 2013) ("Litigants who premise their appellate arguments on the incorporation by reference of arguments that they have advanced in their trial court papers, or other materials, do so at their peril. It is beyond peradventure that such a briefing technique is disfavored.").