**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURICE CHARLES MAXWELL,

    Defendant - Appellant.

No. 15-6014
(D.C. No. 5:10-CR-00117-F-1)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, Chief Judge, **MURPHY**, and **BACHARACH**, Circuit Judges.
_____

Convicted of possessing cocaine base with intent to distribute, Mr. Maurice Maxwell was sentenced to 87 months in prison. After the sentencing, the U.S. Sentencing Commission adopted Amendment 782, which led to a reduction in the guideline range for Mr. Maxwell. U.S.S.G. supp. app. C., amend. 782 (2014).

---

[*] The parties do not request oral argument, and the Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

Based on this amendment, Mr. Maxwell moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied the motion, concluding that Mr. Maxwell presented a danger to the public based on his criminal history and institutional disciplinary record. Mr. Maxwell appeals. We ask: Did the district court abuse its discretion by denying a sentence reduction based on a danger to the public? We conclude that the court did not abuse its discretion; as a result, we affirm.

## I.    Standard of Review

In considering the district court's ruling, we apply the abuse-of-discretion standard. *See United States v Sharkey,* 543 F.3d 1236, 1238 (10th Cir. 2008). Under this standard, we can reverse only if the district court made a clear error of judgment or went beyond the bounds of permissible choice. *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996).

## II.    Sentencing Reductions Under § 3582(c)(2)

In exercising its discretion, the district court had to conduct a two-step inquiry to determine whether to grant a sentence reduction. *Dillon v. United States,* 560 U.S. 817, 824-25 (2010).

The first step was to determine whether the defendant was eligible for a sentence reduction. *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010). This step is not at issue here because the government

does not challenge Mr. Maxwell's eligibility. Government's Br. at 6; *see* 8 U.S.S.G. § 1B1.10.

The second step involved consideration of the factors set out in 18 U.S.C. § 3553(a). *McGee*, 615 F.3d at 1292. The district court considered these factors and found a public danger based on Mr. Maxwell's criminal history and institutional violations. Appellant's App. at 109-10. Considering the need "to protect the public from further crimes," the district court denied the motion. *Id.* at 109 (quoting § 3553(a)(2)(C)).

Mr. Maxwell argues that the district court gave too little weight to his youth, his troubled background and history of mental illness, and the institutional punishments already imposed for his infractions. But the district court weighed these considerations. *Id.* at 109, 140–41. In doing so, the court acknowledged Mr. Maxwell's youth and the fact that his most recent institutional violation had occurred eleven months earlier. *Id.* at 109. Notwithstanding these factors, the court believed Mr. Maxwell presented a public danger. *Id.* The district court had the discretion to balance the factors as it did.

The district court could reasonably focus on Mr. Maxwell's criminal history and prison disciplinary records, for federal law requires courts to consider the factors under § 3553(a) when determining whether to reduce a sentence. *See* 18 U.S.C. § 3582(c)(2). These factors include the

defendant's history, his characteristics, and the need to provide deterrence and protect the public from future crimes. 18 U.S.C. § 3553(a)(1), (a)(2)(a)–(c) (2012); *see* U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) (2014) (instructing the court to consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"); U.S.S.G. § 1B1.10, cmt. n. 1(B)(iii) (2014) (allowing consideration of "conduct of the defendant that occurred after imposition of the term of imprisonment"). Thus, the court acted within its discretion in denying Mr. Maxwell's motion.

**III.  Generality of the District Court's Consideration of Public Safety**

Mr. Maxwell argues the guidelines and accompanying comments fail to tell courts how to consider public safety, creating a "catch-all justification" to rationalize a "generalized belief that Mr. Maxwell ought to stay in prison." Appellant's Opening Br. at 12. In Mr. Maxwell's view, the district court relied on its generalized belief that more time in prison would maximize public safety. *Id.*

We reject this argument. Regardless of whether the Sentencing Commission should have given greater detail, our review is limited, focusing solely on whether the district court abused its discretion. The guidelines and accompanying comments allow district courts to use their discretion in considering public safety when asked to reduce a sentence.

The court acted within the bounds of its discretion given the existing guidelines and comments.

Mr. Maxwell also criticizes the district court for considering the infractions committed in prison. Appellant's Opening Br. at 17-18. We reject this criticism, for we have held that a district court can consider prison infractions in determining whether to deny a § 3582(c)(2) motion. *See United States v. Osborn,* 679 F.3d 1193, 1196 (10th Cir. 2012) (holding that prison disciplinary reports could justify denial of a motion to reduce the sentence under § 3582(c)(2)).

## IV.   Conclusion

The district court did not abuse its discretion in denying a sentence reduction. As a result, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge