**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN CARLOS ANGULO-LOPEZ,

    Defendant - Appellant.

No. 18-6080
(D.C. No. 5:91-CR-00220-D-6)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

This appeal involves limitations on the district court's jurisdiction to

reduce a sentence when the U.S. Sentencing Commission reduces the

pertinent base offense level.

\* \* \*

---

[*]    Mr. Angulo-Lopez does not request oral argument, and it would not materially aid our consideration of the appeal. We therefore have decided the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

This jurisdictional issue grew out of Mr. Juan Carlos Angulo-Lopez's conviction on eleven counts of drug trafficking involving cocaine base. At sentencing, the district court

- found that Mr. Angulo-Lopez's total offense level under the federal sentencing guidelines was 48 and

- imposed concurrent sentences of 480 months, 240 months, 60 months, and life imprisonment.

But after the sentencing, the U.S. Sentencing Commission adopted Amendment 782, which "reduced the base offense levels assigned to certain drug offenses by two levels." *United States v. Green*, 886 F.3d 1300, 1302 (10th Cir. 2018). Given this reduction in base offense levels, Mr. Angulo-Lopez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2).[1]

The district court dismissed the motion for lack of jurisdiction, reasoning that the change in the sentencing guidelines would not have affected Mr. Angulo-Lopez's sentence. Mr. Angulo-Lopez appeals, and we affirm.

To decide this appeal, we must determine whether Amendment 782 would have affected Mr. Angulo-Lopez's guideline range. *E.g.*, *United States v. Sharkey*, 543 F.3d 1236, 1238–39 (10th Cir. 2008). On this issue,

---

[1]    Section 3582(c)(2) provides that a court may modify a sentence when the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

2

we engage in de novo review. *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

In calculating the guideline range for the initial sentence, the district court started with a base offense level of 42 and enhanced this by six levels, resulting in a total offense level of 48.[2] With the reduction in base offense levels from Amendment 782, Mr. Angulo-Lopez's base offense level would have decreased from 42 to 38. With the same enhancements applied at the initial sentencing, the total offense level would have dipped from 48 to 44. But with Mr. Angulo-Lopez's criminal history category of II, the guideline sentence would have remained life imprisonment. In these circumstances, Mr. Angulo-Lopez could not obtain a sentence reduction under 18 U.S.C. § 3582(c)(2). *See* U.S. Sentencing Guidelines § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."); *see also United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010) ("[T]he Sentencing Commission's policy statements in § 1B1.10 are binding on

---

[2]    In his reply brief, Mr. Angulo-Lopez stated that the sentencing court enhanced his base offense level from 38 to 44. Appellant's Reply Br. at 7. This statement is incorrect based on the sentencing record. In his opening brief, Mr. Angulo-Lopez had acknowledged that the sentencing court enhanced his base offense level from 42 to 48. Appellant's Pro Se Resp. Br. at 4, 7.

district courts and limit their authority to grant motions for reduction of sentences.").

Mr. Angulo-Lopez argues that the guidelines are no longer binding on the district court in light of *United States v. Booker*, 543 U.S. 220 (2005). But the Supreme Court later concluded that "proceedings under [§ 3582(c)(2)] do not implicate the interests identified in *Booker*." *Dillon v. United States*, 560 U.S. 817, 828 (2010). This conclusion precludes jurisdiction over Mr. Angulo-Lopez's motion. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

\* \* \*

Because Amendment 782 did not affect Mr. Angulo-Lopez's guideline range, the court lacked jurisdiction under § 3582(c)(2) to modify the sentence. The district court thus properly dismissed Mr. Angulo-Lopez's motion for lack of jurisdiction, and we affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4