**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS MARIO COTA-MEDINA,

Defendant - Appellant.

FILED
United States Court of Appeals
Tenth Circuit

March 31, 2022

Christopher M. Wolpert
Clerk of Court

No. 21-2063
(D.C. No. 1:06-CR-00151-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **EBEL**, and **KELLY**, Circuit Judges.
_____

Defendant-Appellant Jesus Mario Cota-Medina, a federal inmate, appeals from

the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his

sentence.  On appeal, Mr. Cota-Medina challenges the district court's conclusion that

he materially benefitted from his plea agreement, arguing that the district court made

a legal error that impaired its analysis of his motion.  Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In January 2006, Mr. Cota-Medina was indicted on four counts: (1) possession of more than 50 grams of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(B); (2) possession of firearms in furtherance of Count 1, 18 U.S.C. § 924(c)(1)(A)(i); (3) maintaining an establishment for the purpose of distributing methamphetamine, 21 U.S.C. § 856(a)(1); and (4) possession of firearms in furtherance of Count 3, 18 U.S.C. § 924(c)(1)(C)(i).  In March 2006, Mr. Cota-Medina entered into a Type-C plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).  He pled guilty to Counts 1 and 2 in exchange for the dismissal of Counts 3 and 4.  The parties stipulated to a 20-year term of imprisonment.  In November 2006, the district court accepted Mr. Cota-Medina's plea and sentenced him to 135 months' imprisonment on Count 1 and a consecutive 105 months' imprisonment on Count 2, for a total of 240 months.

In 2014, the Sentencing Commission enacted amendments to the Sentencing Guidelines that retroactively reduced the guideline range for Count 1 from 108–135 months to 87–108 months.  See U.S.S.G. supp. app. C, amends. 782, 788 (2014).  In 2015, Mr. Cota-Medina filed a § 3582(c)(2) motion to reduce his sentence on Count 1 based on the new guideline range.  Section 3582(c)(2) states that a defendant who has been sentenced "based on a sentencing range" that is later reduced may be eligible for a sentence reduction.  The district court dismissed Mr. Cota-Medina's motion, concluding that it lacked jurisdiction because his sentence was "based on" a Type-C agreement, not on a guideline range.

2

In 2018, the Supreme Court held that "in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range."  Hughes v. United States, 138 S. Ct. 1765, 1776 (2018) (quoting 18 U.S.C. § 3582(c)(2)).  In May 2021, Mr. Cota-Medina renewed his § 3582(c)(2) motion to reduce his sentence on Count 1, arguing that Hughes held that the district court has jurisdiction over his motion.  The government opposed the motion, arguing that even under Hughes, Mr. Medina's sentence was not based on the guidelines, and regardless, the 18 U.S.C. § 3553(a) factors do not warrant a sentence reduction.  Additionally, Mr. Cota-Medina argued that under current law, he could not have been charged with Count 4 because a single act of firearms possession can only support one § 924(c) charge.

In June 2021, the district court held Mr. Cota-Medina was eligible for relief under § 3582(c)(2) given the Supreme Court's decision in Hughes, rejecting the government's argument.  United States v. Cota-Medina, No. 06-cr-00151, 2021 WL 2227992, at *2 (D.N.M. June 2, 2021).  However, the court declined to grant such relief, finding that a sentence reduction was unwarranted given the "considerable benefits" Mr. Cota-Medina received from his plea agreement and its analysis under the § 3553(a) factors.  Id. at *3–4.

**Discussion**

We review a district court's denial of a reduction in sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion.  United States v. Battle, 706 F.3d 1313, 1317

3

(10th Cir. 2013). An abuse of discretion occurs when the district court "relies on an incorrect conclusion of law or a clearly erroneous finding of fact." Id.

Federal courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(2) provides an exception when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In determining whether to grant a sentence reduction under § 3582(c)(2), the court engages in "a two-step process." Battle, 706 F.3d at 1317. First, the court must determine the defendant's eligibility for a sentence reduction by finding that the applicable guideline range has been lowered as a result of a retroactive guideline amendment. See id. Then, "if a reduction is authorized, the court may 'consider any § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . at step one is warranted in whole or in part under the particular circumstances of the case.'" Id. (quoting United States v. McGee, 615 F.3d 1287, 1292 (10th Cir. 2010)). A court "can consider the benefits the defendant gained by entering a Type-C agreement when it decides whether a reduction is appropriate." Hughes, 138 S. Ct. at 1777.

Here, the district court found that Mr. Cota-Medina is eligible for a sentence reduction at step one because the guideline range for Count 1 has been lowered. Cota-Medina, 2021 WL 2227992, at *2. However, the district court declined to grant relief at step two because Mr. Cota-Medina's original sentence was "fair and reasonable given the considerable benefits [he] received and the charges that were

4

dismissed." Id. at *3.  Mr. Cota-Medina argues that the district court erred because intervening precedent demonstrates that he did not benefit from the dismissal of Count 4 under his Type-C agreement.  However, the district court correctly determined that Mr. Cota-Medina still benefitted from the dismissal of Count 3, and it did not abuse its discretion in taking this conclusion into account in analyzing the relevant § 3553(a) factors.

Mr. Cota-Medina argues that "recent shifts in law regarding [Count 4] demonstrate that even if Mr. Cota-Medina had been convicted of [Count 4], he would have substantial grounds to challenge that count."  Therefore, Mr. Cota-Medina asserts that the dismissal of this charge yielded no material benefit.  But the district court actually agreed with Mr. Cota-Medina on this point.  It stated that Mr. Cota-Medina "is correct that . . . the initial indictment in this matter [for Count 4] was improper under subsequent law." Id. at *3 n.1.  The district court went on to explain that "this error does not undermine the Court's reasoning" because Mr. Cota-Medina "still benefited" from the dismissal of Count 3. Id.  The court reasoned that because Count 3 carried a sentence of up to 20 years' imprisonment, Mr. Cota-Medina "lessened his sentencing exposure significantly by entering into the plea agreement." Id. at *3.  Moreover, in its analysis of the § 3553(a) factors, the district court indicated that it was only considering "the dismissal of one serious drug trafficking charge" in finding that the § 3553(a) factors "strongly caution against granting the Motion." Id. at *4.

Mr. Cota-Medina also argues that inconsistencies in the district court's order show that it erred in its analysis. First, Mr. Cota-Medina points out that the court erroneously stated that Mr. Cota-Medina "was not actually charged with the erroneous second violation of § 924." However, two sentences prior, the court acknowledged that Mr. Cota-Medina's "initial indictment" on Count 4 was improper. Id. at *3 n.1. This shows that the court did not err in its substantive analysis as it knew that Mr. Cota-Medina's initial indictment included the Count 4 charge. Second, Mr. Cota-Medina points out that in the text of its order, the district court states that Count 3 carries a 20-year statutory minimum, when it actually carries a 20-year statutory maximum. Again, the district court did not err in its substantive analysis because it later cited to 21 U.S.C. § 856(b) and calculated Mr. Cota-Medina's would-be sentence using the correct term of imprisonment for Count 3.[1] See id. "Any reasonable reading of the district court's opinion would conclude that it properly performed its job in assessing [Mr. Cota-Medina's] arguments." United States v. Hald, 8 F.4th 932, 947 (10th Cir. 2021).

---

[1] The district court stated that if Count 3 had not been dismissed, Mr. Cota-Medina "could have been sentenced to 10 to 65 years [of] imprisonment." Cota-Medina, 2021 WL 2227992, at *3 n.1. We note that the actual maximum sentence that Mr. Cota-Medina faced was life imprisonment given that Count 2 carried a maximum sentence of life imprisonment. See United States v. Avery, 295 F.3d 1158, 1170 (10th Cir. 2002). Nevertheless, the district court's ultimate conclusion that Mr. Cota-Medina "avoided significant sentencing exposure" due to the dismissal of Count 3 given "the legal environment during which the plea was offered" is still sound. See Cota-Medina, 2021 WL 2227992, at *3 n.1.

Mr. Cota-Medina argues for the first time in his reply brief that the dismissal of Count 3 did not provide "much benefit" because "[i]t did not add any levels to the possession [charge]" under the guidelines used at the time Mr. Cota-Medina was sentenced. We decline to consider this argument because it was not raised below or in the opening brief. See United States v. Leffler, 942 F.3d 1192, 1197 (10th Cir. 2019). The fact remains that the dismissal of Count 3 still caused Mr. Cota-Medina to avoid sentencing exposure to a charge that carried up to 20 years' imprisonment.

The district court did not rely on a clearly erroneous finding of fact or conclusion of law in finding that Mr. Cota-Medina benefitted from the plea agreement. Thus, the district court did not abuse its discretion in denying a sentence reduction.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge